# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3840

_____

United States of America,             *
                                     *

             Appellee,          *

                                   *   Appeal from the United States

      v.                       *   District Court for the

                                   *   District of Nebraska.

Justin Thompson,              *

                                   *

             Appellant.       *

_____

Submitted: June 17, 2011
Filed: September 2, 2011

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Justin Thompson pled guilty to receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The district court[1] sentenced Thompson to 60 months imprisonment followed by 5 years of supervised release. On appeal, Thompson claims the district court erred in imposing certain special conditions of supervised release. We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

I.

On January 27, 2010, Investigator Darin Morrissey of the Sarpy County Sheriff's Office identified Thompson's Internet Protocol (IP) address as one participating in the distribution of child pornography. Investigator Morrissey connected with Thompson's computer through the use of a file-sharing program and was able to browse a list of files that Thompson was offering to share with others. After determining that this list included images and videos of child pornography, Investigator Morrissey downloaded two videos from Thompson's computer that both contained sexually explicit images involving prepubescent females.

On March 16, 2010, police searched Thompson's apartment pursuant to a search warrant and discovered child pornography on a computer, two CDs, and a thumb drive, all of which belonged to Thompson. Multiple images recovered from the apartment involved prepubescent minors being sexually abused by adults. In addition, several images and one video recovered from Thompson's equipment "depicted bondage, torture, and pain." Thompson was subsequently indicted by a grand jury and charged with the receipt and distribution of child pornography (Count I), in violation of 18 U.S.C. § 2252A(a)(2), as well as possession of child pornography (Count II), in violation of 18 U.S.C. § 2252(a)(4)(B). As part of a plea agreement, Thompson pled guilty to Count I in return for the Government's agreement to dismiss Count II.

Prior to sentencing, Thompson objected to numerous special conditions recommended by the probation office in its sentencing recommendation. Thompson objected to Special Conditions 8, 9, and 10—which restricted Thompson's interaction with minors—as unnecessary because there was no evidence before the court that Thompson had ever actually sexually abused a child. Thompson also argued that Special Conditions 13 and 15—which dealt with potential sex-offender treatment and polygraph testing—were an impermissible delegation of judicial authority to the

probation officer. Special Condition 16 prohibited Thompson's possession of "pornography which includes any sexually explicit material," and Thompson argued this condition was vague and overbroad. Finally, Thompson contended that Special Conditions 17 and 18—which dealt with approval for employment and residence changes as well as disclosure of computer restrictions for potential employers—were unnecessary.

At sentencing, the district court calculated a total offense level of 32 with a criminal history category of I, resulting in a Sentencing Guidelines range of 121 to 151 months imprisonment. However, the district court sentenced Thompson to 60 months imprisonment and 5 years of supervised release in light of an agreement between the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The court then imposed many of the special conditions recommended by the Probation Office without change, but it altered the wording of some special conditions in response to Thompson's objections. Thompson appeals the imposition of nine special conditions of supervised release.

## II.

We review for abuse of discretion the imposition of those special conditions to which Thompson objected at sentencing.[2] United States v. Boston, 494 F.3d 660, 667

---

[2] We note that at sentencing Thompson objected to all of the special conditions at issue in this appeal except Special Condition 14. Thus we would normally review Special Condition 14 for plain error. See United States v. Fenner, 600 F.3d 1014, 1026 (8th Cir. 2010). Thompson argues that the imposition of Special Condition 14 was improper for the same reason as Special Conditions 13 and 15—that it constituted an impermissible delegation of judicial authority to the probation officer. Because we conclude below that the district court did not impermissibly delegate its judicial authority in imposing Special Conditions 13 through 15, it is unnecessary for us to consider separately Special Condition 14 under the more stringent plain error standard.

(8th Cir. 2007). A district court "is afforded wide discretion when imposing terms of supervised release." United States v. Simons, 614 F.3d 475, 479 (8th Cir. 2010) (quoting United States v. Crume, 422 F.3d 728, 732 (8th Cir. 2005)). But this discretion is not absolute as 18 U.S.C. § 3583(d) requires that each special condition be "reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence of criminal conduct, protection of the public, and treatment of the defendant's correctional needs." United States v. Mayo, 642 F.3d 628, 631 (8th Cir. 2011) (per curiam). Moreover, conditions imposed on a defendant's supervised release must involve "no greater deprivation of liberty than is reasonably necessary" and "must be consistent with any pertinent policy statements issued by the sentencing commission." Simons, 614 F.3d at 479 (quoting Crume, 422 F.3d at 733). To ensure that each special condition imposed satisfies these requirements, we also require the district court to "make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011) (internal quotation omitted). With these requirements in mind, we consider each of Thompson's objections in turn.

A.

Thompson first argues that the district court abused its discretion in imposing Special Conditions 8, 9, and 10. Special Condition 8 requires Thompson to "report all incidental contact with children to the U.S. Probation Officer" and to "seek and receive approval from the Probation Officer before residing with any person under the age of 18." Special Condition 9 prohibits Thompson from "access[ing] or com[ing] within 500 feet of schools, school yards, parks, arcades, playgrounds, amusement parks, or other places used primarily by children under the age of 18 unless approved in advance by the U.S. Probation Officer." Finally, Special Condition 10 states that Thompson "shall not be employed in, or participate in, any volunteer activity that

involves contact with children under the age of 18, except under circumstances approved in advance by the U.S. Probation Officer." Thompson claims that the imposition of each of these conditions was an abuse of discretion because there were no facts before the district court that Thompson had abused children in the past and the conditions exact a greater deprivation of liberty than is reasonably necessary.

In United States v. Mickelson, we faced a similar challenge where the defendant was convicted of receiving child pornography and had no prior history of sexually abusing minors. 433 F.3d 1050, 1051 (8th Cir. 2006). As a special condition of his supervised release, the defendant was prohibited from having "contact with children under the age of 18 without the prior written consent of the probation office." Id. at 1051. On appeal, we denied the contention that the special condition was "unnecessary and unreasonable," and held that "requiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate." Id. at 1056-57; see also United States v. Kerr, 472 F.3d 517, 522-23 (8th Cir. 2006).

We reach a similar conclusion, holding that the district court did not abuse its discretion in imposing Special Conditions 8, 9, and 10. The record supports the district court's finding that restricting Thompson's interaction with minors "is reasonably necessary for the purposes set forth in section 3553(a)[.]" 18 U.S.C. § 3583(d)(1). As the Government noted at sentencing, many of the images found on Thompson's computer involved the molestation of prepubescent minors by adults through anal, oral, and vaginal penetration. Moreover, unlike the defendant in Mickelson, Thompson pled guilty to not only receiving child pornography, but to distributing it as well. This is a more serious offense than mere possession. See Kerr, 472 F.3d at 523. In light of these facts, the district court did not abuse its discretion in concluding that Special Conditions 8, 9, and 10 were reasonably necessary.

Furthermore, Special Conditions 8, 9, and 10 do not impose a greater deprivation of liberty than is reasonably necessary because they are not complete prohibitions on Thompson's interaction with minors. Each condition allows for Thompson to seek an exception to the condition through approval of his probation officer. Cf. United States v. Stults, 575 F.3d 834, 853 (8th Cir. 2009); Mickelson, 433 F.3d at 1057. Thus, we conclude the district court did not abuse its discretion.

B.

Thompson next challenges Special Conditions 13, 14, and 15, claiming these conditions constitute an impermissible delegation of judicial authority to the probation officer.[3] Special Condition 13 requires, among other things, that Thompson "may be required to undergo a sex offense-specific evaluation and participate in a sex offender treatment and/or mental health treatment program approved by the U.S. Probation Officer." Special Condition 14 states that Thompson "may be required to submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the U.S. Probation Officer." Special Condition 15 provides that Thompson "may be required to sign releases of information to allow all professionals involved . . . to communicate and share documentation with each other."

Thompson's argument as to these conditions fails. Although we have recognized that a special condition of supervised release can potentially constitute an impermissible delegation of judicial authority, see United States v. Kent, 209 F.3d 1073, 1078-79 (8th Cir. 2000), such an impermissible delegation occurs only where the district court gives an "affirmative indication" that it will not retain "ultimate

---

[3]Thompson's brief also contains a cursory argument that Special Conditions 13, 14, and 15 are unnecessary because he will likely "receive treatment during the five years that he is incarcerated." We have previously upheld conditions that provided for sex-offender treatment and polygraph testing during supervised release. See, e.g., United States v. Wiedower, 634 F.3d 490, 493-94 (8th Cir. 2011).

authority over all of the conditions of supervised release," United States v. Wynn, 553 F.3d 1114, 1120 (8th Cir. 2009). Because no such affirmative indication occurred in this case, Special Conditions 13, 14, and 15 do not constitute an impermissible delegation of judicial authority.

C.

Thompson argues that the district court abused its discretion by imposing Special Condition 16, which prohibits Thompson from possessing or having under his control "any child or adult pornography which includes any sexually explicit materials." Thompson claims the imposition of this condition was error because the district court failed to make individualized findings to support the condition, the condition is unconstitutionally overbroad, and the condition is unconstitutionally vague.

1.

Thompson correctly asserts that the district court erred when it failed to make individualized findings on the record to support the imposition of Special Condition 16. Although the district court went through each contested special condition at sentencing, it failed to expressly state its reasons for imposing Special Condition 16. Nevertheless, the Government argues that the district court's failure to make individualized findings on the record was harmless error. Thompson responds that a lack of individualized findings to support a special condition of supervised release requires automatic remand, citing our decisions in United States v. Kelly, 625 F.3d 516 (8th Cir. 2010), and United States v. Bender, 566 F.3d 748 (8th Cir. 2009). We find Thompson's reliance on Kelly and Bender unpersuasive.

In both Kelly and Bender, we vacated special conditions similar to Special Condition 16 because they were not supported by individualized findings on the

record.  See Kelly, 625 F.3d at 520, 522; Bender, 566 F.3d at 752.  However, because neither Kelly nor Bender expressly discussed the issue of whether a lack of individualized findings could be subject to harmless-error analysis, those decisions are not binding here.  See United States v. Lovelace, 565 F.3d 1080, 1085 (8th Cir. 2009) ("[W]hen an issue is not squarely addressed in prior case law, we are not bound by precedent through *stare decisis*." (quoting Passmore v. Astrue, 533 F.3d 658, 660-61 (8th Cir. 2008))).  Moreover, the absence of harmless-error review in Kelly and Bender is not surprising.  First, harmless error was not argued by the Government in either Kelly or Bender, and "its failure to argue harmless error waive[d] any right to such review," see United States v. Williams, 627 F.3d 324, 329 (8th Cir. 2010) (quotation omitted).  Second, in both Kelly and Bender, the district court not only failed to make individualized findings, but actually affirmatively indicated that it was considering the defendant as part of a class of defendants rather than individually.  See Kelly, 625 F.3d at 520; Bender, 566 F.3d at 752.

In contrast, in this case we are squarely faced with the question of whether harmless-error analysis applies here.  The Federal Rules of Criminal Procedure require that we disregard "[a]ny error, defect, irregularity, or variance that does not affect substantial rights."  Fed. R. Crim. P. 52(a).  Following this instruction, we have previously reviewed other procedural errors at sentencing for harmlessness.  See, e.g., United States v. Ortiz, 636 F.3d 389, 394-95 (8th Cir. 2011); United States v. Henson, 550 F.3d 739, 740-41 (8th Cir. 2008).  Similarly, we hold that reversal is not required by a lack of individualized findings if the basis for the imposed condition can be discerned from the record.  See United States v. Carlson, 406 F.3d 529, 532 (8th Cir. 2005) (holding that a failure to make specific findings to support a special condition imposed under U.S.S.G. §5F1.5 did not require invalidation of the restriction where the justification was clear from the record); accord United States v. Albertson, No. 09-1049, 2011 WL 1662786, at *7 (3d Cir.) (holding that an imposed condition will be upheld if the record "reveals any viable basis for the restriction" (quotation omitted)), cert. denied, — S. Ct. —, 2011 WL 1984461 (2011); United States v. Brogdon, 503

F.3d 555, 564 (6th Cir. 2007) (finding a lack of individualized findings to be harmless error where the reasons for the condition were "evident on the overall record," and the condition was related to purposes of supervised release); United States v. Balon, 384 F.3d 38, 42 n.1 (2d Cir. 2004) (holding that a failure to expressly articulate reasons for a special condition on the record was harmless because the reasons were "self-evident on the record"); United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003) (holding that a district court's failure to explain why it refused a request for a modification of conditions of supervised release did not warrant remand because the "reasons for denying the modification [were] apparent").

Here, the reasons for the imposition of Special Condition 16 are sufficiently evident from the record. Thompson downloaded and viewed child pornography for years before his conviction in this case. The images and videos recovered from Thompson's apartment not only depicted prepubescent children being sexually molested, some depicted the bondage and torture of young children. Thompson also admitted that he felt sexually aroused by these materials. When a defendant has demonstrated a sexual interest in children, a ban on the possession of child pornography often serves to rehabilitate the defendant, to protect children, and to deter future activity. See United States v. Ristine, 335 F.3d 692, 694-95 (8th Cir. 2003). Moreover, we have repeatedly upheld similar bans on the possession of both adult and child pornography when a defendant has been convicted of possessing, receiving, or distributing child pornography. See, e.g., Wiedower, 634 F.3d at 496-97; Stults, 575 F.3d at 854-55; Ristine, 335 F.3d at 694-95. Accordingly, the district court's failure to make individualized findings on the record was harmless error where other evidence on the record, which demonstrates Thompson's sexual interest in the physical abuse and molestation of children, provides ample support for the imposition of Special Condition 16.

2.

Thompson's contention that Special Condition 16 is unconstitutionally overbroad is also without merit. A special condition of supervised release is only unconstitutionally overbroad if its overbreadth is real and substantial in relation to its plainly legitimate sweep. See Osborne v. Ohio, 495 U.S. 103, 112 (1990); Farrell v. Burke, 449 F.3d 470, 498-99 (2d Cir. 2006). In light of Thompson's history with child pornography, Special Condition 16 has a plainly legitimate sweep. See Wiedower, 634 F.3d at 497 (affirming a ban on the possession of pornography or sexually explicit material because of the defendant's "deeply rooted affinity for child pornography"); Ristine, 335 F.3d at 694-95 (upholding a ban on the possession of "any pornographic materials" as well as "any form of pornography or erotica" because of the defendant's "obsession with or addiction to child pornography"). And Special Condition 16 is not overbroad in relation to its plainly legitimate sweep. Thompson is correct that we have invalidated special conditions precluding the defendant from possessing any material containing nudity, alluding to sexual activity, or depicting sexually arousing material as overly broad. Kelly, 625 F.3d at 519; Simons, 614 F.3d at 483-85. In contrast, however, we have consistently rejected overbreadth arguments where the special condition at issue precluded the defendant from possessing pornography or sexually explicit material. See, e.g., Wiedower, 634 F.3d at 497; Ristine, 335 F.3d at 694-95.

Here, the special condition imposed by the district court is even more narrow than the conditions we upheld in Wiedower and Ristine because it precludes Thompson from possessing sexually explicit pornographic materials. This is a relevant distinction because "sexually explicit material" is a more narrow category of material than "pornography." Compare United States v. Loy, 237 F.3d 251, 266-67 (3d Cir. 2001) (holding that a ban on the possession of pornography could apply to "any art form that employs nudity," including medical textbooks), with United States v. Wallenfang, 568 F.3d 649, 656-58 (8th Cir. 2009) (clarifying that material

depicting "sexually explicit conduct," as defined by 18 U.S.C. § 2256, does not include material containing mere nudity alone, but only material that is "sexual in nature" (quotation omitted)). Accordingly, Special Condition 16 is not unconstitutionally overbroad.

3.

We also reject Thompson's contention that Special Condition 16 is unconstitutionally vague. Thompson argues that because the term "'pornography' lacks a broadly-accepted definition," it is unclear exactly what material is and is not prohibited by the condition. Thompson is correct that we have previously noted concerns with the uncertainty of what constitutes "pornography" because the term lacks a precise legal definition. See Simons, 614 F.3d at 484 n.4; Ristine, 335 F.3d at 695. Other courts have expressed similar concerns. See, e.g., Farrell, 449 F.3d at 484-91; United States v. Guagliardo, 278 F.3d 868, 872 (9th Cir. 2002); United States v. Loy, 237 F.3d 251, 263-65 (3d Cir. 2001). But see United States v. Phipps, 319 F.3d 177, 192-93 (5th Cir. 2003) (upholding a condition against a vagueness challenge that prohibited the defendants from possessing "sexually oriented or sexually stimulating materials"). The problem with Thompson's argument, however, is that, as mentioned earlier, Special Condition 16 does not prohibit his possession of mere "pornography." Rather, it prohibits his possession only of "pornography which includes any sexually explicit materials." This additional clause makes the instant case distinguishable.

As opposed to the term "pornography," the statute under which Thompson was convicted provides him with notice of what materials would be "sexually explicit." See 18 U.S.C. § 2256(2); see also Farrell, 449 F.3d at 487 (concluding that a statutory definition of a term does not give additional notice to a defendant as to that term's meaning unless the definition is contained in the same criminal statute that the defendant was convicted of violating). Thus, remembering that "we can never expect

-11-

mathematical certainty from our language," Grayned v. City of Rockford, 408 U.S. 104, 110 (1972), we conclude that Special Condition 16 is not unconstitutionally vague.

D.

Thompson's final argument is that Special Conditions 17 and 18 "involve a greater deprivation of liberty than necessary to promote the goals of sentencing." However, Thompson provides no explanation as to why these conditions are unnecessary besides his assertion that Standard Conditions 6, 11, and 13 effectively "provide the probation officer with adequate means to keep tabs on Thompson's whereabouts and activities," and thus Special Conditions 17 and 18 "are simply overkill."

We first note that Standard Conditions 6, 11, and 13 are not identical to Special Conditions 17 and 18, and they address different concerns. Standard Condition 6 requires that Thompson notify his probation officer prior to a change in residence or employment whereas Special Condition 17 requires that such a change be pre-approved by the probation officer. Standard Condition 13 requires Thompson to notify, or permit his probation officer to notify, third parties of risks that may arise from his criminal record whereas Special Condition 18 requires Thompson to consent to third party disclosure to any employer or potential employer of his computer-related restrictions. Standard Condition 11 differs from each of these conditions and requires Thompson to notify his probation officer if he is questioned or arrested by a law enforcement officer.

Moreover, although Thompson believes Special Conditions 17 and 18 are not necessary, the district court explained its reasons for imposing each condition. The district court explained that Special Condition 17 "helps the probation office ensure that the defendant is complying with sex offender registration requirements and that

his employment does not involve any risk to vulnerable individuals." (Sent. Tr. 19.) The court also believed that Special Condition 18 was "necessary to make sure that [Thompson] doesn't run afoul of other conditions of his supervised release." (Sent. Tr. 19.)

In light of the sound reasons announced by the district court for imposing Special Conditions 17 and 18, and without any clear objection from Thompson—other than the assertion that these conditions are "overkill"—we conclude the imposition of these conditions was not an abuse of discretion.

III.

For the foregoing reasons, we affirm Thompson's sentence.

_____