# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2555

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Randall Frederick Muhlenbruch, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 17, 2012
Filed: June 28, 2012

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

This is defendant Randall Muhlenbruch's second appeal in this child pornography case. In the first appeal, United States v. Muhlenbruch, 634 F.3d 987 (8th Cir.), cert. denied, 132 S. Ct. 228 (2011) (Muhlenbruch I), we held that Muhlenbruch's convictions for both receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), violated the Double Jeopardy Clause. Muhlenbruch I, 634 F.3d at 1003-04. Therefore, we reversed and remanded with instructions for the district court to exercise its discretion to vacate one of Muhlenbruch's convictions and to resentence Muhlenbruch on the remaining count. Id. at 1004-05. On remand, the

district court[1] vacated the lesser-included possession count and imposed a below-Guidelines sentence of 120 months' imprisonment. Muhlenbruch appeals, asserting that (1) the district court erred when it chose to vacate the possession conviction instead of the receipt count; (2) his 120-month sentence is procedurally unsound and substantively unreasonable; and (3) several of his special conditions of supervised release are not reasonably related to his offense and involve a greater deprivation of liberty than necessary. We affirm.

## I.    BACKGROUND[2]

On remand, pursuant to our instructions in Muhlenbruch I, the district court held a hearing to decide which conviction to vacate and to resentence Muhlenbruch on the remaining count. At the hearing, the government argued that the court should vacate the lesser-included possession conviction to show deference to the jury's decision that Muhlenbruch committed the greater offense of receiving child pornography. In response, Muhlenbruch argued that the court should vacate the receipt count because, among other reasons, the evidence at trial was stronger on the possession count and the receipt count carried harsher penalties. After considering these arguments, the district court vacated the possession conviction, emphasizing that the jury found Muhlenbruch guilty of receiving child pornography and that the jury's finding was supported by Muhlenbruch's videotaped confession, among other evidence.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

[2]For background regarding Muhlenbruch's substantive offenses, see Muhlenbruch I, 634 F.3d at 993-95, 1000-01.

The district court then proceeded to resentence Muhlenbruch on the receipt count. Initially, the court calculated Muhlenbruch's advisory Guidelines range at 151 to 188 months' imprisonment based on a criminal history category of II and an offense level of 33. Then, the court sustained Muhlenbruch's motion for a downward departure based on an overstated criminal history and, applying a criminal history category of I, calculated a Guidelines range of 135 to 168 months' imprisonment. Muhlenbruch requested a downward variance, claiming the child pornography Guideline is not based on empirical research and emphasizing Muhlenbruch's good behavior in prison. The district court declined to vary downward on these bases, but did vary downward to a sentence of 120 months' imprisonment because the case had been pending for a long time. The court also imposed a five-year term of supervised release with various special conditions. Muhlenbruch appeals.

## II. DISCUSSION

### A. Vacatur of the Possession Conviction

Muhlenbruch argues that the district court erred when it vacated the lesser-included possession count instead of the receipt conviction. We review the district court's decision for an abuse of discretion. See United States v. Fischer, 205 F.3d 967, 970-71 (7th Cir. 2000).

When the district court vacated the possession count, it explained that "it would be an inappropriate exercise of discretion to vacate [the receiving count]" given the jury's verdict and the evidence introduced at trial, including Muhlenbruch's videotaped confession. Based on this statement, Muhlenbruch contends the court failed to exercise its discretion and operated under the erroneous assumption that it was required to vacate the possession conviction. The record belies this argument. In addition to the statement highlighted by Muhlenbruch, the district court also

expressly acknowledged that it had discretion to decide which count to vacate and reasoned that it had to "exercise that discretion with due regard for what the record shows." Therefore, Muhlenbruch's argument on this point is without merit.

Next, Muhlenbruch claims that, based on the rule of lenity and other "principles of leniency," the district court should have vacated the receipt conviction. We disagree. The rule of lenity "is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of [a statute]," Chapman v. United States, 500 U.S. 453, 463 (1991) (internal quotation omitted), and should not be applied as an "overriding consideration of being lenient to wrongdoers" in cases such as this. Id. (quotation omitted); Fischer, 205 F.3d at 971.

Our review of the resentencing transcript reveals that the district court carefully considered the parties' arguments and vacated the lesser-included possession conviction based on the jury's verdict and the evidence introduced at trial, including Muhlenbruch's videotaped confession. There was sufficient evidence to support the receipt conviction, Muhlenbruch I, 634 F.3d at 1000, and the district court acted well within its discretion when it decided to vacate the lesser-included possession count.[3]

---

[3]The government urges us to adopt a per se rule that the lesser-included offense must be vacated following remand in cases such as this. Compare United States v. Peel, 595 F.3d 763, 768 (7th Cir. 2010) ("[I]n a case in which the lesser-included offense has fewer elements *and* is the less serious offense, vacating the sentence for the graver offense would be an abuse of discretion . . . ."), with Ball v. United States, 470 U.S. 856, 864 (1985) (holding that the proper remedy is to remand "for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions"), and Fischer, 205 F.3d at 971 ("[T]here is no Iron Law that it is the conviction with the lowest penalty that *must* be vacated."). Having found that the district court did not abuse its discretion when it vacated the lesser-included possession count in this case, we need not speculate as to whether the court would have abused its discretion if it had vacated the receipt conviction, or decide whether the per se rule advanced by the government can be reconciled with the Supreme Court's instructions in Ball.

**B.      120-Month Sentence**

Muhlenbruch argues that his 120-month below-Guidelines sentence is procedurally unsound and substantively unreasonable. In reviewing a sentence, we must first ensure that the district court committed no significant procedural error. United States v. Burnette, 518 F.3d 942, 945 (8th Cir. 2008). Then, we review the sentence for substantive reasonableness under a deferential abuse-of-discretion standard. Id. at 946.

**1.      Procedural Error**

During resentencing, Muhlenbruch requested a downward variance based on his postsentencing good behavior in prison. See Pepper v. United States, 131 S. Ct. 1229, 1249 (2011) (holding that "evidence of a defendant's postsentencing rehabilitation at resentencing . . . may, in appropriate cases, support a downward variance"). The district court rejected Muhlenbruch's request, explaining, "[T]he fact that someone is behaving themselves while in [prison] it seems to me is not extraordinary conduct. If there is extraordinary conduct, then I would certainly consider it, but it's not part of my decision on the variance today." Based on this statement, Muhlenbruch argues that the district court committed procedural error by imposing an "extraordinary circumstances" standard to his request for a Pepper variance. See United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) ("[T]he Supreme Court has explicitly declared that extraordinary circumstances are no longer needed to justify a sentence outside the Guidelines range." (internal quotations omitted)). Because Muhlenbruch failed to object to the district court's alleged application of an "extraordinary circumstances" standard, we review this issue for plain error. United States v. Bain, 586 F.3d 634, 639-40 (8th Cir. 2009). Under plain error review, Muhlenbruch must show "(1) an error; (2) that is plain; and (3) that affects substantial rights." Id. at 640 (quotation omitted). In addition, we will not

reverse a plain error unless "(4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Assuming without deciding that the district court committed error that is plain, Muhlenbruch cannot demonstrate that the error affects substantial rights–that is, he cannot show "there is a reasonable probability [he] would have received a lighter sentence but for the error." Id. The district court considered the parties' arguments and § 3553(a) factors, noted that it had reviewed Pepper, and expressly found that a 120-month sentence was appropriate given the "unique circumstances of this case." It is not clear on this record what action the district court would have taken absent the alleged error and, therefore, Muhlenbruch "has not met his burden of showing a reasonable probability of a lower sentence." Id. at 641.

### 2. Substantive Reasonableness

Muhlenbruch raises several arguments challenging the substantive reasonableness of his sentence, all of which are meritless. First, he argues that the district court gave too much weight to proper sentencing factors–i.e., the seriousness of the offense and the need for deterrence. But, the record reveals that the district court carefully considered the parties' arguments, considered all the § 3553(a) factors, and even granted a downward variance based on the length of time the case had been pending. The district court simply did not commit a "clear error of judgment" while weighing the § 3553(a) factors. United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012) (quotation omitted). Next, Muhlenbruch argues that the district court abused its discretion when it rejected his invitation to vary from the Guidelines range because the child pornography Guideline, U.S.S.G. § 2G2.2, and its enhancements are not

based on empirical research.[4]  This argument is without merit because, "[a]ssuming that it may disregard the child pornography sentencing guideline on policy grounds, a district court is not required to do so."  Id.  And, while Muhlenbruch's appellate brief continues his empirical assault on U.S.S.G. § 2G2.2, such arguments are "not properly made to this court."  United States v. Shuler, 598 F.3d 444, 448 (8th Cir. 2010) (emphasizing that such arguments are properly made to the district court but "our appellate role is limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined in accordance with § 2G2.2").  Finally, Muhlenbruch claims that his below-Guidelines sentence is unreasonably harsh.  But, where, as here, a defendant is sentenced below the Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further."  Black, 670 F.3d at 882 (quotation omitted).

We hold that Muhlenbruch's 120-month sentence is procedurally sound and substantively reasonable.

## C.    Conditions of Supervised Release

Finally, Muhlenbruch argues that the district court erred when it imposed several conditions of supervised release.  We review the imposition of conditions of supervised release for an abuse of discretion.  United States v. Richart, 662 F.3d 1037, 1056 (8th Cir. 2011), cert. denied, 132 S. Ct. 1942 (2012).  District courts have "wide discretion" to impose conditions of supervised release so long as they are "reasonably related" to (1) the nature and circumstances of the offense; (2) the

---

[4]At the first sentencing hearing, the district court flatly rejected Muhlenbruch's empirical-based objections to the child pornography Guideline as "not accurate."  The court did not waiver from this position at the resentencing hearing, noting that it had previously addressed Muhlenbruch's argument that the child pornography Guidelines were "inherently flawed."

defendant's history and characteristics; (3) the deterrence of criminal conduct; (4) the protection of the public from further crimes of the defendant; and (5) the defendant's educational, vocational, medicinal, or other correctional needs. Id. (quotations omitted). In addition, the conditions must not involve a "greater deprivation of liberty than is reasonably necessary" to achieve such purposes, and must be consistent with the Sentencing Commission's policy statements. Id. (quotation omitted); 18 U.S.C. § 3583(d). District courts "may not impose special conditions categorically on all individuals convicted of certain offenses," United States v. Morais, 670 F.3d 889, 895 (8th Cir. 2012) (quotation omitted), but a "lack of individualized findings . . . does not require reversal if we can discern from the record the basis for the court's imposition of the condition." Id.

### 1.      Sex Offender Treatment with Polygraph Testing

Muhlenbruch challenges a condition of supervised release that requires him to attend sex-offender treatment and to submit to polygraph examinations. He contends that these conditions are not reasonably related to his offense and result in a greater deprivation of liberty than is reasonably necessary. We disagree. In United States v. Wiedower, 634 F.3d 490 (8th Cir. 2011), we upheld conditions requiring sex-offender treatment and polygraph testing where the defendant was addicted to child pornography, possessed pictures of prepubescent minors, and exhibited a "lack of candor" regarding his level of involvement with child pornography. Id. at 494. Similarly, in this case Muhlenbruch received between 150 and 300 images of child pornography, including pornographic images of prepubescent minors engaged in sadistic or masochistic conduct. Muhlenbruch also described child pornography as a tempting "forbidden fruit," Muhlenbruch I, 634 F.3d at 994, and there is evidence that Muhlenbruch downloaded child pornography and saved it to a disk a year before the instant offense. While Muhlenbruch admitted downloading child pornography in his interview with police officers, he denied doing so at trial. In light of his

videotaped confession, the district court found that Muhlenbruch gave false testimony regarding his involvement with child pornography. Under these circumstances, we find that the district court did not abuse its discretion in ordering sex-offender treatment with polygraph testing.

### 2.    Contact with Minors

Next, the district court imposed a condition providing that Muhlenbruch cannot have unsupervised contact with minors and may not have any contact with minors without prior approval. Muhlenbruch contends that these restrictions are unnecessary and unreasonable because he has no history of abusing minors and there is no empirical research suggesting that persons who view child pornography pose a risk to minors. We disagree.

While Muhlenbruch emphasizes that he has no history of abusing minors, "the absence of such a history is not necessarily determinative when deciding whether the district court erred in imposing contact conditions" in child pornography cases. United States v. Kerr, 472 F.3d 517, 523 (8th Cir. 2006). For example, in United States v. Mickelson, 433 F.3d 1050 (8th Cir. 2006), the defendant pled guilty to receiving child pornography and, even though the defendant had no history of sexually abusing children, we affirmed a condition that barred the defendant from having contact with minors without prior approval. Id. at 1057; see Kerr, 472 F.3d at 523 (discussing Mickelson). In doing so, we reasoned that "requiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate." Mickelson, 433 F.3d at 1057. Similarly, in United States v. Thompson, 653 F.3d 688 (8th Cir. 2011), we affirmed various restrictions on the defendant's contact with minors, even though the defendant had no history of abusing children, emphasizing that some of the images

found on the defendant's computer "involved the molestation of prepubescent minors by adults through anal, oral, and vaginal penetration." Id. at 692.

After careful review, we hold that the district court did not abuse its discretion when it imposed the no-contact restrictions at issue. Muhlenbruch received between 150 and 300 images of child pornography, some of which depicted the sort of molestation described in Thompson, and Muhlenbruch referred to child pornography as an enticing "forbidden fruit." In addition, the restrictions are not a total ban on Muhlenbruch's contact with minors. See Thompson, 653 F.3d at 692 (emphasizing that the contact conditions were "not complete prohibitions on [defendant's] interaction with minors"). Indeed, during his five-year term of supervised release, Muhlenbruch may still have contact with minors so long as he (1) obtains prior approval, and (2) is accompanied by a responsible adult. Muhlenbruch is not barred from having incidental contact with minors–e.g., incidental contact while making purchases at a retail establishment. And finally, because Muhlenbruch is childless, these restrictions do not interfere with his parental rights. See United States v. Davis, 452 F.3d 991, 994-95 (8th Cir. 2006) (reversing no-contact provision where it interfered with defendant's constitutional interest in raising his daughter); Mickelson, 433 F.3d at 1057 (holding that the district court's failure to "incorporate a blanket exception for . . . [extended] family members was not unreasonable"). These restrictions are "a reasonable means of ensuring" that Muhlenbruch's contact with minors "remains appropriate." Mickelson, 433 F.3d at 1057; cf. United States v. Demers, 634 F.3d 982, 987 (8th Cir. 2011) (per curiam) (affirming, under plain error review, a lifetime ban on defendant's unsupervised contact with minors).

### 3.    Computer and Internet Restrictions[5]

Muhlenbruch next challenges conditions that bar him from possessing a computer or accessing the internet without prior approval from a probation officer. Muhlenbruch contends that, because his offense was limited to receiving child pornography, such conditions are overly restrictive. We disagree. As an initial matter, the computer and internet restrictions are no doubt reasonably related to the nature and circumstances of Muhlenbruch's offense–he downloaded between 150 and 300 images of child pornography from the internet and stored them on his computer. United States v. Durham, 618 F.3d 921, 944 (8th Cir. 2010).

Further, we find that the restrictions do not involve a greater deprivation of liberty than is reasonably necessary under the circumstances. The conditions do not amount to a total ban on computer and internet access because Muhlenbruch "can seek permission from his probation officer to perform the restricted activities." Id. And, there is evidence that Muhlenbruch used his computer for something "beyond

---

[5]In Muhlenbruch I, Muhlenbruch did not appeal the restrictions pertaining to computer and internet use, pornography, or residence and mail. Thus, the government argues that Muhlenbruch has waived his ability to challenge such conditions on this appeal. Compare United States v. Walterman, 408 F.3d 1084, 1086 (8th Cir. 2005) (holding in a case where we remanded for limited resentencing that "[a] defendant does not receive a second chance to support an argument he failed to support in a first appeal simply because he is resentenced" (quotation omitted)), with United States v. Miller, 594 F.3d 172, 179 (3d Cir. 2010) (ruling that when "a case is remanded for *de novo* resentencing, the defendant may raise in the district court and, if properly preserved there, on appeal to the court of appeals, issues that he or she had previously waived by failing to raise them" (quotation omitted)). The waiver issue is of little consequence in this case because Muhlenbruch's challenges to these conditions are wholly without merit. Therefore, for the purposes of this appeal, we assume without deciding that Muhlenbruch's challenges have not been waived.

simply possessing child pornography." Id. (quotation omitted). Indeed, Muhlenbruch admitted to officers that, a year before the instant offense, he saved images of child pornography to a disk–a readily transferable medium. See Demers, 634 F.3d at 984 (affirming restrictions on computer and internet access where the defendant both downloaded and printed images of child pornography). Muhlenbruch also downloaded and saved pornographic images of prepubescent minors engaged in sadistic or masochistic violence. See Morais, 670 F.3d at 897 (affirming restrictions on computer and internet access based, in part, on the fact that the defendant downloaded child pornography depicting sadistic or masochistic violence). Finally, Muhlenbruch saved his images of child pornography in a hidden folder on his computer. See United States v. Koch, 625 F.3d 470, 481 (8th Cir. 2010) (affirming computer and internet restrictions based, in part, on the fact that the defendant was a "sophisticated computer user"). On this record, we find that the district court did not abuse its discretion when it imposed the computer and internet restrictions at issue.

### 4. Pornography Restrictions

Muhlenbruch also challenges conditions that bar him from viewing and possessing pornography or sexually oriented material, or entering establishments where pornography, erotica, or adult entertainment is the primary product. He generally contends, without citing any case law, that these restrictions are not related to his offense and result in a greater deprivation of liberty than is reasonably necessary under the circumstances. We disagree.

Restrictions on pornographic materials are "not unusual special conditions" in child pornography cases, Wiedower, 634 F.3d at 496 (quotation omitted), and we have repeatedly affirmed restrictions similar to those at issue here. See, e.g., id.;

United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003). The record reveals that Muhlenbruch referred to child pornography as an enticing "forbidden fruit"; indicated to officers that he was addicted to pornography; considered child pornography as an offshoot of regular pornography; downloaded child pornography a year before the instant offense; and downloaded pornographic images of prepubescent minors engaged in sadistic or masochistic conduct. Under these circumstances, the restrictions at issue "would likely facilitate [Muhlenbruch's] rehabilitation and protect the community." Wiedower, 634 F.3d at 497; see id. (affirming pornography ban where defendant had a "deeply rooted affinity" for child pornography); Ristine, 335 F.3d at 694 (affirming pornography ban and restrictions on entering certain establishments where the record demonstrated the defendant's "obsession with or addiction to child pornography"). Accordingly, the district court did not abuse its discretion on this point.

## 5.    Mail and Residence Restrictions

Finally, Muhlenbruch challenges a condition that requires him to obtain a residence approved by a probation officer, notify the probation office of any location where he may receive mail, and get prior approval before obtaining a new mailing address or post office box. Again, without citing any case law, Muhlenbruch generally claims these restrictions are unreasonable and unnecessary. The residence restriction undoubtedly aids the probation office in monitoring Muhlenbruch's contact with minors, see Thompson, 653 F.3d at 696 and United States v. Goddard, 537 F.3d 1087, 1092 (9th Cir. 2008), and, given the restrictions on Muhlenbruch's internet access, the mail restriction no doubt serves to deter Muhlenbruch from obtaining child pornography through the mail–an alternate channel for receiving child pornography. Goddard, 537 F.3d at 1092-93. We perceive no abuse of discretion on this point.

## III. CONCLUSION

For the foregoing reasons, we affirm.[6]

BYE, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority's decision to affirm the district court on all issues except the computer and Internet restrictions discussed in Part II.C.3. Because I believe these special conditions of supervised release involve a greater deprivation of liberty than is reasonably necessary, I would vacate the challenged conditions. Therefore, I respectfully dissent on this issue.

In assessing challenges to conditions barring computer and Internet access, we have drawn a line distinguishing cases where a defendant merely possessed or received child pornography from those where a defendant "used his computer to do more than merely possess child pornography[.]" United States v. Boston, 494 F.3d 660, 668 (8th Cir. 2007). This case belongs in the former category, because "the record only shows that [Muhlenbruch] used his computer to receive and access child pornography, which under Crume[7] is insufficient to sustain a broad computer and internet ban." United States v. Wiedower, 634 F.3d 490, 495 (8th Cir. 2011).

The majority cites three facts it concludes amount to more than mere possession or receipt of child pornography: (1) Muhlenbruch saved child

---

[6]Muhlenbruch filed a pro se motion to supplement the appellate brief filed by his counsel. "We generally do not accept pro se motions or briefs when an appellant is represented by counsel." United States v. McIntosh, 492 F.3d 956, 961 n.2 (8th Cir. 2007). Following our typical practice, we deny Muhlenbruch's motion.

[7]United States v. Crume, 422 F.3d 728 (8th Cir. 2005).

pornography images on a disk a year before the instant offense; (2) the images involved prepubescent minors engaged in sadistic or masochistic violence; and (3) Muhlenbruch saved the images in a hidden folder on his computer. None of these facts transform Muhlenbruch's conduct into more than mere possession or receipt, however, regardless of where in particular the images were stored or what was depicted therein. See generally id. ("The mere fact that [the defendant] may have [received and possessed child pornography] frequently or for an extended period of time does not change our conclusion."). For instance, there was no evidence to show Muhlenbruch distributed child pornography or used his computer to entice minors to engage in illicit sexual conduct, which we have cited in past cases affirming related conditions. See, e.g., United States v. Munjak, 669 F.3d 906, 908 (8th Cir. 2012) (affirming Internet restrictions where a defendant distributed child pornography over a file-sharing network); United States v. Mayo, 642 F.3d 628, 632 (8th Cir. 2011) (affirming restrictions on computer access where the defendant used his computer to communicate with a minor and transmit graphic videos of himself); United States v. Ristine, 335 F.3d 692, 696 (8th Cir. 2003) ("[The defendant] more than merely possessed images of child pornography–he exchanged the images with other Internet users, and he attempted to arrange sexual relations with underage girls."). These are the types of "more serious abuses of computers or the Internet" our precedent speaks of when affirming bans on "such an important medium of communication, commerce, and information-gathering[.]" Crume, 422 F.3d at 733.

Nor is this case similar to United States v. Koch, 625 F.3d 470 (8th Cir. 2010), which the majority cites in support. In Koch, the defendant was heard discussing intercourse with a boy, and proceeded to clear his web history and remove his hard drives so the probation officer could not find his files–in violation of his conditions of release prior to sentencing. Id. at 481-82.

Finally, I agree with the majority that the instant restrictions are not absolute because they allow computer and Internet access with prior approval from Muhlenbruch's probation officer. Nonetheless, "Crume, with a similar prior-approval provision, forecloses this argument, at least where the defendant only received and possessed child pornography." Wiedower, 634 F.3d at 495 (citing Crume, 422 F.3d at 733). Accordingly, the prior-approval provision does not change the conclusion under our precedent.

Ultimately, I believe this case is more similar to Wiedower and Crume, where there was little beyond mere possession or receipt, than those cases affirming computer and Internet restrictions. Like Wiedower and Crume, I am "confident that the district court can impose a more narrowly-tailored restriction on [Muhlenbruch's] computer use through a prohibition on accessing certain categories of websites and Internet content and can sufficiently ensure his compliance with this condition through some combination of random searches and software that filters objectionable material." Crume, 422 F.3d at 733; see also Wiedower, 634 F.3d at 496 (remanding for the district court to "create a more narrowly tailored ban" on the defendant's computer and Internet activity); United States v. Freeman, 316 F.3d 386, 392 (3d Cir. 2003) ("There is no need to cut off [the defendant's] access to email or benign internet usage when a more focused restriction, limited to pornography sites and images, can be enforced by unannounced inspections of material stored on [the defendant's] hard drive or removable disks.").

For the foregoing reasons, I would vacate the special conditions restricting Muhlenbruch's computer and Internet access and remand to the district court. I therefore respectfully dissent from the majority's decision to affirm the district court on this issue.

_____