# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-1014
_____

United States of America

*Plaintiff - Appellee*

v.

John Tyler Manning

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: August 7, 2012
Filed: August 9, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

John Manning, who has been released under supervision following a prison
term for a child-pornography offense, appeals the district court's[1] imposition of new

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western
District of Missouri, adopting the report and recommendations of the Honorable
James C. England, United States Magistrate Judge for the Western District of
Missouri.

supervised-release conditions requiring him to undergo a polygraph exam and a psychosexual evaluation in connection with sex-offender counseling as directed by his probation officer. We conclude that Manning's Fifth Amendment challenge to these conditions is premature. See United States v. York, 357 F.3d 14, 24-25 (1st Cir. 2004) (rejecting argument that mandatory polygraph violated defendant's Fifth Amendment rights; defendant could not mount generalized Fifth Amendment attack on supervised release on ground that he would be required to answer probation officers' questions truthfully; any specific Fifth Amendment objection to incriminating questions that might be asked was premature, and defendant remained free to assert Fifth Amendment privilege if such circumstances were actually to arise); United States v. Zinn, 321 F.3d 1084, 1090-92 (11th Cir. 2003) (condition requiring defendant to undergo polygraph test did not violate Fifth Amendment, where it was undisputed that there had not yet been any potentially incriminating question, invocation of privilege against self-incrimination, or government compulsion to testify over valid claim of privilege; hypothetical possibilities do not present cognizable Fifth Amendment claim; if and when defendant were to be forced to testify over valid claim of privilege, he could then raise Fifth Amendment challenge); see also United States v. Muhlenbruch, 682 F.3d 1096, 1102 (8th Cir. 2012) (imposition of conditions of supervised release are reviewed for abuse of discretion).

Accordingly, we affirm. We also grant counsel's motion to withdraw.

_____