**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0249n.06

No. 12-5420

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
***Mar 11, 2013***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| RICHARD A. KIDD, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS, GIBBONS, and COOK, Circuit Judges.

PER CURIAM.  Richard A. Kidd, a federal prisoner, appeals through counsel his conviction and sentence for failure to register as a sex offender, in violation of 18 U.S.C. § 2250.  Kidd, who had been convicted of rape in Tennessee, served his sentence for that crime and registered a residence in Illinois.  However, he subsequently moved back to Tennessee and failed to register there.  After being charged with failure to register as a sex offender, Kidd filed a motion to dismiss the indictment.  The motion was denied.  Kidd thereafter entered into a plea agreement in which he agreed to plead guilty to the charge but reserved the right to appeal the issues raised in his motion to dismiss the indictment, as well as any sentence that exceeded the guidelines range.  The guidelines range was calculated at thirty to thirty-seven months of imprisonment.  The district court sentenced Kidd to thirty months, with five years of supervised release.

No. 12-5420
*United States v. Kidd*

On appeal, Kidd reasserts his arguments from his motion to dismiss the indictment that 18 U.S.C. § 2250 is unconstitutional because it exceeds Congress's power under the Commerce Clause and violates the separation-of-powers doctrine and the Tenth Amendment. Additionally, he argues that some of the conditions of his supervised release (requirements to undergo mental-health treatment, a psychosexual evaluation, and a polygraph, and to have his residence and employment approved) should be vacated. He also raised, but withdrew in his reply brief, an argument that his prior rape conviction was double counted in his offense-level and criminal-history calculations.

We have previously held that 18 U.S.C. § 2250 is valid under Congress's Commerce Clause power, *United States v. Coleman*, 675 F.3d 615, 620-21 (6th Cir.), *cert. denied,* 133 S. Ct. 264 (2012), and does not violate the separation-of-powers doctrine or the Tenth Amendment, *United States v. Felts*, 674 F.3d 599, 606-08 (6th Cir. 2012).[1] These decisions are the controlling authority in this circuit on Kidd's claims that the statute under which he was convicted is unconstitutional. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). We therefore affirm Kidd's conviction.

We have also held that the preservation of the right to appeal a sentence exceeding the guidelines range does not preserve the right to challenge the conditions of supervised release. *United*

---

[1]Although Kidd structures his Tenth Amendment challenge as a claim that Congress, in enacting SORNA, has exceeded its "delegated government power," this argument is foreclosed by this court's holding in *Coleman* that SORNA is a proper exercise of Congress's power under the Commerce Clause. Kidd is correct that the Supreme Court's holding in *Bond v. United States*, 131 S. Ct. 2355 (2011), requires this court to acknowledge Kidd's standing to raise a Tenth Amendment challenge to SORNA. However, *Bond* does not dictate that Kidd's challenge will be successful—in fact, our holding in *Coleman* requires the opposite result.

*States v. Ferguson*, 669 F.3d 756, 766 (6th Cir. 2012). We normally dismiss the portion of an appeal that a criminal defendant has waived. *See United States v. Sharp*, 442 F.3d 946, 949-52 (6th Cir. 2006). A waiver of the right to appeal will be upheld where it is knowing and voluntary. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). The transcript of the change of plea hearing in this case indicates that the court discussed with Kidd the fact that his plea agreement included a waiver of the right to appeal all issues other than those raised in his motion to dismiss the indictment and a sentence exceeding the guidelines range. However, Kidd argues that he was unaware at that time of the special conditions that might be placed on his supervised release, because his presentence report had not yet been prepared. However, he was aware at the time that he agreed to limit the issues he could appeal that he was subject to a maximum of lifetime supervised release and that he did not know what conditions might be placed on him.

Kidd also argues that the court impermissibly delegated the imposition of these conditions to the probation officer. The court addressed Kidd's argument and noted that probation officers rely on the recommendations of professionals in determining what type of mental-health treatment is needed. The court did not affirmatively indicate that it would not retain the "ultimate authority" over all of the conditions of Kidd's supervised release. *See United States v. Thompson*, 653 F.3d 688, 693 (8th Cir. 2011). Therefore, no impermissible delegation is apparent. *See id*.

For these reasons, we affirm Kidd's conviction and dismiss his appeal of his sentence.