# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1715

_____

United States of America

*Plaintiff - Appellee*

v.

Anate Jackson, also known as Anate Dave Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 8, 2014
Filed: January 23, 2015
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Anate Jackson pleaded guilty to failure to register as a sex offender, in violation of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250. Jackson appeals the district court's imposition of Special Condition 2, which prohibits him from possessing pornography while on supervised release. We vacate Special Condition 2 and remand the case for resentencing.

In 2002, Jackson was convicted in California of forcible rape and robbery. After spending three and a half years in prison, he was released on parole. His parole was revoked numerous times, including once for possessing a video depicting sexual activity. While still on parole, Jackson moved to Arkansas without updating his sex-offender registration. He was arrested and pleaded guilty to violating SORNA.

At Jackson's sentencing hearing, the district court imposed a special condition of supervised release that prohibited the possession of pornography. The district court explained the imposition of this condition by stating:

> [T]his is general. And probation can come back later, and if you don't need all of this, probation can come back and ask me to remove this requirement. I'm going to order, because you're a sex offender, that you not purchase, possess, or subscribe to media forms dealing with pornographic images. . . . Normally that is a requirement . . . that we give people in child pornography types of cases. But this is a case where, with this underlying conviction, I think he needs to have some work done on that.

Jackson objected to the lack of individualized findings for this condition, so we review for abuse of discretion. United States v. Wiedower, 634 F.3d 490, 493 (8th Cir. 2011).

A district court may impose special conditions of supervised release as long as the conditions (1) are "'reasonably related' to . . . the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical or other correctional needs"; (2) "'involve[] no greater deprivation of liberty than is reasonably necessary' to advance deterrence, the protection of the public from future crimes of the defendant, and the defendant's correctional needs"; and (3) are "consistent with any pertinent policy statements issued by the sentencing commission." United States v. Crume, 422 F.3d 728, 733

(8th Cir. 2005) (alteration in original) (quoting 18 U.S.C. §§ 3583(d), 3553(a)). The district court must craft special conditions of supervised release "on an individualized basis; a court may not impose a special condition on all those found guilty of a particular offense." United States v. Davis, 452 F.3d 991, 995 (8th Cir. 2006).

Here, the district court did not make the individualized findings necessary to impose the special condition prohibiting Jackson from accessing pornography. Instead, the district court imposed the condition "because [Jackson is] a sex offender" and because "with this underlying conviction, . . . he needs to have some work done." The district court abused its discretion when it considered Jackson as part of a class of sex offenders and imposed the special condition based on Jackson's underlying conviction. See United States v. Kelly, 625 F.3d 516, 520 (8th Cir. 2010) (holding that the district court abused its discretion by imposing a condition "based solely on the character of [the defendant's] previous convictions"); United States v. Bender, 566 F.3d 748, 752 (8th Cir. 2009) (holding that the district court abused its discretion by imposing a special condition prohibiting the defendant from accessing "sexually stimulating" materials when the district court made no individualized findings and instead made general statements regarding sex offenders).

The government argues that the sentence should be affirmed because any error was harmless. We have stated that "reversal is not required by a lack of individualized findings if the basis for the imposed condition can be discerned from the record," and we have held harmless the district court's failure to make individualized findings before imposing a condition banning pornography when the record demonstrated that the defendant had downloaded and viewed child pornography for years before being convicted of a child-pornography offense. United States v. Thompson, 653 F.3d 688, 693-94 (8th Cir. 2011). In contrast to Thompson, however, the district court here not only failed to make individualized findings, but indicated that it was imposing the condition based on Jackson's status as a sex offender. Furthermore, in Thompson, the defendant had a history of accessing child

pornography, and the ban on all pornography was recommended by the presentence investigation report (PSR). Here, the only mention of pornography in the PSR is that Jackson's parole was once revoked for possessing a video depicting sexual activity. Finally, in contrast to Thompson, Jackson was convicted of a registration offense. Although "[c]ourts can impose special conditions of supervised release not directly related to the offense for which the defendant is being sentenced where 'the special conditions are related to another offense that the defendant previously committed,'" Kelly, 625 F.3d at 519 (quoting United States v. Smart, 472 F.3d 556, 559 (8th Cir. 2006)), we have held that when the defendant is convicted of a registration offense and the PSR does not discuss pornography or recommend a special condition of supervised release banning pornography, "there is at least a 'reasonable probability' . . . that the court may have omitted the special condition if the court had followed the requirement . . . to provide an individualized explanation for the restriction," United States v. Curry, 627 F.3d 312, 315 (8th Cir. 2010) (per curiam), vacated on other grounds, 132 S. Ct. 1533 (2012). Here, the district court's reasons for imposing the special condition prohibiting pornography are not clear from the record, and it is possible that the court would have omitted the special condition if it had felt required to provide an individualized explanation.

Accordingly, we vacate Special Condition 2 and remand the case for resentencing.

_____