# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2867

_____

United States of America

*Plaintiff - Appellee*

v.

Julian McClain

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: December 28, 2017
Filed: January 9, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Julian McClain appeals the district court's[1] order revoking his supervised release and imposing a 10-month sentence. His counsel has moved to withdraw, and

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

has submitted a brief arguing that the sentence is substantively unreasonable. McClain has also filed a pro se supplemental brief, arguing that the requirement that he answer his probation officer truthfully regarding his employment status (violation 2) violated his Fifth Amendment rights; and that there was insufficient evidence in support of finding that he associated with a person engaged in criminal activity (violation 6).

As to counsel's argument that the sentence was substantively unreasonable, we conclude that the district court did not abuse its discretion, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors, see United States v. Johnson, 827 F.3d 740, 744 (8th Cir. 2016) (standard of review); United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012); and the sentence was within the Guidelines range, see United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014). As to McClain's arguments, we conclude that truthful answers as to violation 2 could not have resulted in further criminal prosecution, and therefore would not be protected under the Fifth Amendment, see Minnesota v. Murphy, 465 U.S. 420, 434-35 & n.7 (1984); see also United States v. Manning, 476 Fed. Appx. 104, 105 (8th Cir. 2012) (unpublished per curiam); and that he specifically admitted violation 6 at the revocation hearing.

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____