BEAM, Circuit Judge.
After a jury convicted A.J. Kelly of being a felon in possession of a firearm, the district court[1] sentenced Kelly to 115 months’ imprisonment and 36 months’ supervised release. As part of Kelly’s supervised release, the district court imposed several special conditions. Kelly challenged one of these conditions, which concerned possession of materials containing nudity or depicting or alluding to sexual activity. United States v. Kelly, 625 F.3d 516, 517 (8th Cir.2010). Finding merit in Kelly’s challenge, a panel from this circuit remanded for re-sentencing, id. at 517, and the district court amended the special condition. Kelly now appeals the amended special condition, and we affirm.
*375 1. BACKGROUND
On April 21, 2008, police officers executed a search warrant on Kelly’s home in Omaha, Nebraska. During the search, officers discovered a .22 caliber firearm and ammunition. Kelly was charged with and found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Kelly to 115 months’ imprisonment and 86 months’ supervised release. The district court imposed several special conditions that governed Kelly’s supervised release.
Special condition fifteen provided, “The Defendant shall neither possess nor have under his/her control any material, legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material.” Kelly challenged this special condition, and a panel from this circuit vacated and remanded for re-sentencing. Kelly, 625 F.3d at 522. In reaching its conclusion, the panel determined that the district court had failed to support condition fifteen with individualized findings and the condition was over-broad. Id. at 520-21.
On remand, the district court re-sentenced Kelly and amended special condition fifteen. The amended condition provided, “The Defendant shall neither possess nor have under his control any material, legal or illegal, that contains child pornography, or photographic depictions of child nudity or of children engaged in any sexual activity.” To support this condition, the district court made the following individualized findings:
Well, and I will find for the record based upon the defendant’s criminal history, that he is a sexual predator, that he is predisposed to exploiting children sexually, and that if he is in possession of materials that contain photographic depictions of nude children or children engaged in sexual activity, that would be contrary to his rehabilitation. And it would also be indicative that he is pursuing a course of predatory activity again and would be cause for the probation office to be concerned, take action and perhaps get him either into counseling or some kind of programming to deal with this issue. So, that’s the amendment we’ll do. And we will see how that works.
So this defendant has an issue where he is not only a danger to society and a danger to children, but he is in need of rehabilitation. And I think it is in his best interests in terms of his rehabilitation that he not be viewing photographs of nude children and that he not be viewing depictions of children engaged in sexual activity. So, it is the rehabilitation aspect that I think is important in supervised release that warrants a condition like this.
In its findings, the court referenced a prior offense where Kelly was convicted of first-degree sexual assault of a child. The district court highlighted the basic facts of the underlying offense at the sentencing hearing: “The defendant does have a history of sexual assault, sexual abuse, particularly abuse of his 12-year-old stepdaughter or daughter of a girlfriend ... who was impregnated.” Accordingly, over Kelly’s objection, the district court imposed special condition fifteen as amended. Kelly now appeals special condition fifteen.
II. DISCUSSION
The sole issue on this appeal is whether special condition fifteen is unconstitutionally overbroad.[2] When a deten *376 dant raises a proper objection in district court, we generally review the terms and conditions of supervised release for abuse of discretion. United States v. Smith, 655 F.3d 839, 845 (8th Cir.2011). However, we are “particularly reluctant to uphold sweeping restrictions on important constitutional rights and appl[y] de novo review to such conditions.” Id. (internal quotation omitted).
According to Kelly, special condition fifteen is overbroad and thus violates his First Amendment rights. Specifically, Kelly asserts that the special condition violates the First Amendment because it goes beyond prohibiting unprotected speech, such as child pornography, and also prohibits him from possessing legal photographic depictions of child nudity, such as Raphael’s “Madonna with the Christ Child.” We disagree and find the special condition supported by individualized findings and sufficiently narrow in light of those findings.
For the sake of argument, we begin with the assumption that Kelly has a “First Amendment interest in viewing and possessing” photographic depictions of child nudity. Osborne v. Ohio, 495 U.S. 103, 108, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). Having this interest, convicted individuals “do not forfeit all constitutional protections by reason of their conviction.” Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). However, merely retaining constitutional rights “does not mean that these rights are not subject to restrictions and limitations.” Id.; see also Farrell v. Burke, 449 F.3d 470, 497 (2d Cir.2006) (noting “that the First Amendment rights of parolees are circumscribed”); United States v. Ritter, 118 F.3d 502, 504 (6th Cir.1997) (“Supervisory conditions that implicate fundamental rights such as freedom of speech and freedom of association are subject to careful review, but if primarily designed to meet the ends of rehabilitation and protection of the public, they are generally upheld”). Ultimately, special condition fifteen “is only unconstitutionally overbroad if its overbreadth is real and substantial in relation to its plainly legitimate sweep.” United States v. Thompson, 653 F.3d 688, 695 (8th Cir.2011).
To avoid “sweeping restrictions on important constitutional rights[,]” statutory mandates guide district courts when imposing special conditions. United States v. Mayo, 642 F.3d 628, 631 (8th Cir.2011) (per curiam). First, the special condition must be reasonably related to the nature and circumstances of the offense, the defendant’s history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant’s educational, vocational, medical or other correctional needs. United States v. Forde, 664 F.3d 1219, 1222 (8th Cir.2012). “Second, the conditions must involve[ ] no greater deprivation of liberty than is reasonably necessary to advance deterrence, the protection of the public from future crimes of the defendant, and the defendant’s correctional needs.” United States v. Simons, 614 F.3d 475, 479 (8th Cir.2010) (alteration in original) (quotation and internal quotation omitted). Finally, the special condition must be “consistent with any pertinent policy statements issued by the Sentencing Commission.” 18 U.S.C. § 3583(d)(3). To ensure these statutory mandates are followed, a “district court. *377 must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record.” Forde, 664 F.3d at 1222 (quotation omitted).
Although we have expressed concerns about imposing broad prohibitions, special conditions that prohibit the possession of pornography — even legal pornographic materials — are not unusual. See United States v. Wiedower, 634 F.3d 490, 496 (8th Cir.2011). Indeed, in a line of cases we have found it appropriate for a district court to place outright bans on pornography. See, e.g., id. at 492, 497 (reviewing for plain error and allowing ban on any “form of media containing pornographic images”); United States v. Demers, 634 F.3d 982, 985-86 (8th Cir.2011) (per curiam) (determining that condition banning “pornographic materials of any type” was not overly restrictive under the First Amendment in light of the defendant’s sex offenses); United States v. Boston, 494 F.3d 660, 667, 668 (8th Cir.2007) (determining ban on “any form of pornography” not overly broad); United States v. Ristine, 335 F.3d 692, 694 (8th Cir.2003) (reviewing for plain error and determining ban on “any pornographic materials”, not overly broad).
Yet, we have rejected prohibitions that “could apply to any art form that employs nudity.” Kelly, 625 F.3d at 521 (quotation omitted). For example, in Simons, the district court imposed a condition that prohibited the defendant from possessing “any material, legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material.” 614 F.3d at 483. Finding the condition overbroad, we recognized that the condition prohibited the defendant from “viewing a biology textbook or purchasing an art book that contained pictures of the Venus de Milo, Michelangelo’s David, or Botticelli’s Birth of Venus, all of which depict nudity.” Id. In Kelly, the predecessor to the present appeal, we invalidated special condition fifteen as the district court failed to make individualized findings, and the special condition was “virtually identical to the provision invalidated in [Simons ].” 625 F.3d at 520-21.
The present case lies somewhere between the pornography and nudity lines of authority. On one hand, although the definition of pornography is elusive, it seems to represent something more than mere child nudity. See Simons, 614 F.3d at 484; see also United States v. Johnson, 639 F.3d 433, 439 (8th Cir.2011) (attempting to describe “mere nudity”). On the other hand, we are not dealing with a special condition as restrictive as that in Simons or Kelly, because the challenged clause is limited to photographic depictions of child nudity. Notably, the challenged clause is not so restrictive that it “could apply to any art form that employs nudity.” Kelly, 625 F.3d at 521 (emphasis added). Indeed, the provision is silent on adult nudity or even legal adult pornography. Moreover, the class of prohibited materials covered by the condition is relatively narrow, as Kelly is only prohibited from possessing photographic depictions. Cf. Kelly, 625 F.3d at 517 (vacating special condition that bars possession of any material containing nudity); Simons, 614 F.3d at 483 (rejecting condition that prohibits “any material, legal or illegal, that contains nudity” (emphasis added)).
Not only is the present condition less restrictive than the conditions we have rejected in the past, “[o]ur prior case law limits the district court’s discretion only insofar as the court imposes limitations on the basis of pure speculation or assumptions unrelated to the rehabilitative process.” United States v. Kreitinger, 576 F.3d 500, 506 (8th Cir.2009) (alteration in *378 original) (quotations omitted). And “[w]hen a defendant has demonstrated a sexual interest in children, a ban on the possession of child pornography often serves to rehabilitate the defendant, to protect children, and to deter future activity.” Thompson, 653 F.3d at 694.
Here, the district court made a specific finding that Kelly is predisposed to exploiting children sexually and that viewing photographic depictions of child nudity would undermine his rehabilitative process. Given the district court’s individual findings concerning Kelly’s relatively recent predatory behavior and focus on rehabilitation, we do not view the district court’s decision to ban photographic depictions of child nudity as being based on “pure speculation or assumptions unrelated to the rehabilitative process.” Kreitinger, 576 F.3d at 506. To a great extent, we rely on the experience and “judicial common sense” of a sentencing judge when imposing special conditions, Forde, 664 F.3d at 1224 (quotation omitted), and we do not require “a direct connection” between a defendant’s past history and a special condition, United States v. Poltra, 648 F.3d 884, 890 (8th Cir.2011). Therefore, in light of the district court’s individualized findings, we do not find that the special condition’s “overbreadth is real and substantial in relation to its plainly legitimate sweep.” Thompson, 653 F.3d at 695. Accordingly, the district court did not err in imposing special condition fifteen.
III. CONCLUSION
We affirm the sentence of the district court.

. The Honorable Laurie Smith Camp, who became Chief Judge of the United States District Court for the District of Nebraska on December 1, 2011.

. In a pro se letter that appears in the appelíale record, Kelly also seeks review of his *376 conviction. "[W]e typically do not consider pro se submissions when an appellant is represented by counsel.” United States v. Cheney, 571 F.3d 764, 767 n. 3 (8th Cir.2009). Given that Kelly was represented by counsel and offers no specific claim of error in his pro se submission, we see no reason to depart from our general rule in this case.