# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1118

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Antonio Soto

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted:  February 12, 2013
Filed: February 28, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jose Antonio Soto appeals the district court's judgment entered after he pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e). The district court sentenced him to 360 months in prison.  Soto's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing

that a downward variance from the Guidelines range was warranted because Soto was abused as a child.

Upon careful review of the prison sentence, we conclude that the district court committed no significant procedural error, properly considered and weighed appropriate sentencing factors, and did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 460-62 (8th Cir. 2009) (en banc) (appellate court's review of sentence for abuse of discretion includes (1) ensuring no significant procedural error occurred, and (2) considering substantive reasonableness under totality of circumstances; court abuses discretion when it fails to consider relevant factor, gives significant weight to irrelevant or improper factor, or considers appropriate factors but commits clear error of judgment in weighing factors).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), however, we find that the district court plainly erred in imposing one special condition of supervised release. See United States v. Simons, 614 F.3d 475, 478-79 (8th Cir. 2010) (plain-error standard). In special condition (d), the court ordered that Soto could not possess "any material that contains nudity, depicts or alludes to sexual activity, or depicts sexually arousing material," and could not patronize any place of business where such material was available. This court has held that a nearly identical condition was unconstitutional, reasoning that it would have prohibited the defendant from viewing a biology textbook, many art books, and the Bible, see United States v. Kelly, 625 F.3d 516, 521-22 (8th Cir. 2010) (stating that "a convicted individual does not shed his right to freedom of speech and religion under the First and Fourteenth Amendments"), and has vacated the condition under plain-error review, see Simons, 614 F.3d at 483-85. Thus, the condition is invalid. We note that this court has upheld a similar supervised-release condition that prohibited a defendant from possessing child pornography, or photographic depictions of child nudity or of children engaged in sexual activity. See United States v. Kelly, 677 F.3d 373, 375, 377-78 (8th Cir.

2012) (finding that condition was less restrictive than those previously rejected, and district court had made individualized finding that condition was related to rehabilitative process).

Accordingly, we deny counsel's motion to withdraw. The judgment of the district court is affirmed in part and vacated in part. Special condition of supervised release (d) is vacated, and the case is remanded for further proceedings consistent with this opinion.

———————————————