# United States Court of Appeals
### For the Eighth Circuit

_____

No. 11-3784

_____

United States of America

*Plaintiff - Appellee*

v.

William Earl Mefford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: March 11, 2013
Filed: April 4, 2013

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

After William Mefford pled guilty to failure to register as a sex offender, the district court[1] sentenced him to 18 months imprisonment and 10 years supervised

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

release. Mefford challenges two of his special conditions of supervised release which prohibit him from possessing or obtaining any pornographic material. We affirm.

I.

In 2010 Mefford conditionally pled guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250.[2] Mefford was required to register as a sex offender because he had previously been convicted of sexually abusing his daughter from her age 7 to 14. His criminal history also includes two arrests for indecent exposure when he was a juvenile and convictions for outraging public decency by hiding in a women's restroom at the state fair and taking pictures from under a stall, presenting a forged instrument, and being a felon in possession of a firearm. After pleading guilty to the failure to register offense, Mefford completed his 18 month prison sentence and began his 10 years of supervised release in January 2011.

While on supervised release in September 2011, Mefford's probation officer visited his home and found a pornographic magazine titled "Finally Legal." The front cover of the magazine included a disclaimer that all of the featured women were age 18 or older and portrayed as adults, but the images throughout were of women dressed and styled in a way to give the appearance of teenage school girls. It is undisputed that this was a legal magazine, and Mefford's possession of it did not violate any existing conditions of his supervised release. His probation officer was nonetheless concerned because the women had been made to appear underage, and such material might lead Mefford to engage again in deviant sexual behavior.

The next day Mefford met with his probation officer and agreed to a modification of the conditions of his release so that he would be "prohibited from

_____

[2]His conviction was recently affirmed. United States v. Fernandez, et al., No. 12-2784 (8th Cir. Apr. 1, 2013) (per curiam).

possessing pornography in any form." In a signed form Mefford waived his right to a hearing and the assistance of counsel regarding this change. At that time Mefford was being represented in the appeal of his conviction by a federal public defender, who immediately contacted him upon learning of the modified condition. Then through counsel, Mefford moved the district court to find his earlier waiver of counsel involuntary and to reconsider the modification. The district court held a hearing on the motion, Mefford and his probation officer testified, and the magazine was introduced as an exhibit.

The district court concluded that Mefford had validly waived his rights and decided to modify his conditions of supervised release. The court imposed three new special conditions, the first two related to possessing or obtaining any pornographic material:

i.  Defendant shall not access, view, possess, or have under his control any pornography, including any material that depicts or alludes to sexual activity, or sexually explicit conduct as defined by 18 U.S.C. § 2256(2). This includes, but is not limited to, any such material obtained through access to any computer or any other electronic device, and any that are self-produced.

ii.  Defendant shall not enter any location where pornography, erotica, or adult entertainment can be obtained or viewed.

The district court explained that it had conducted an "individualized inquiry into the facts and circumstances underlying [Mefford's] case" and found these special conditions to be reasonably related to the sentencing factors in 18 U.S.C. § 3553(a).

The court cited Mefford's history of sexually abusing his daughter and taking pictures under the stall in a women's bathroom, as well as his past arrests for indecent exposure, as indications of his acting on "sexual perversions." Even though the

-3-

magazine in Mefford's possession was legal, it was worrisome to the court because it was meant to depict youthful persons and thus supported a finding that Mefford poses a risk of repeating "his sexual deviant conduct towards children." The court explained that a total pornography ban would help Mefford resist his "apparent temptations and deter him from once again crossing the line to sexually assault a child." Mefford appeals special conditions one and two of his supervised release.[3]

II.

We review the district court's imposition of the terms and conditions of supervised release for abuse of discretion. United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007). A district court enjoys broad discretion over a defendant's conditions of supervised release provided that each condition (1) is reasonably related to the pertinent § 3553(a) sentencing factors, (2) involves no greater deprivation of liberty than reasonably necessary for the purposes set forth in § 3553(a), and (3) is consistent with any pertinent policy statements issued by the United States Sentencing Commission. Id. An "individualized inquiry" must be conducted and sufficient findings entered in the record to ensure that the condition satisfies these statutory requirements since conditions of supervised release cannot be categorically imposed on all those convicted of a particular offense. United States v. Schaefer, 675 F.3d 1122, 1124–25 (8th Cir. 2012). Since we are "particularly reluctant to uphold sweeping restrictions on important constitutional rights," we review constitutional challenges to such conditions de novo. Id. (citation omitted) (internal quotation marks omitted).

---

[3]Beyond his challenge to special conditions one and two, Mefford argues that an earlier condition he had agreed to with his probation officer was invalid because he had not voluntarily waived his rights. This argument is moot because that condition was replaced by special conditions one and two.

Mefford first argues that special conditions one and two are neither supported by individualized fact finding nor reasonably related to the pertinent § 3553(a) sentencing factors. We disagree. The district court specifically stated that it had conducted an "individualized inquiry" into Mefford's case. The court explained that a ban on all pornography was warranted because technically legal material like the "Finally Legal" magazine found in his possession could nonetheless stimulate sexual deviance towards children. It also cited a number of relevant sentencing factors, including Mefford's criminal history and characteristics, deterrence and protecting the public from future crimes, and Mefford's rehabilitation. See 18 U.S.C. § 3553(a)(1)–(2). We conclude that the district court did not abuse its discretion in concluding that a complete ban on Mefford's possessing or obtaining pornographic material is appropriate.

Mefford next argues that special conditions one and two involve a greater deprivation of liberty than reasonably necessary because they are unconstitutionally overbroad and vague. We "carefully review broad bans on possessing sexually explicit materials because they implicate important First Amendment rights." United States v. Deatherage, 682 F.3d 755, 764 (8th Cir. 2012). We will only strike down a condition of supervised release as unconstitutionally overbroad "if its overbreadth is real and substantial in relation to its plainly legitimate sweep." United States v. Thompson, 653 F.3d 688, 695 (8th Cir. 2010). We have however upheld a number of supervised release conditions that substantially limit or completely ban sex offenders from possessing pornography. See United States v. Kelly, 677 F.3d 373, 377 (8th Cir. 2012) (citing cases). In contrast, we often reject conditions banning materials with "nudity" because such breadth may well reach protected forms of art. Id. (citing cases).

We conclude that special conditions one and two are not unconstitutionally overbroad. The district court intended that Mefford only be prohibited from possessing or obtaining pornography, thus steering clear of our nudity case law. The

district court explained that these "are limited restrictions that serve the purpose of [§] 3553(a) while preserving the Defendant's right to view and/or possess non-obscene material that may contain nudity." On this record we cannot conclude that any overbreadth in these restrictions is "real and substantial" in relation to their "plainly legitimate sweep." Thompson, 653 F.3d at 695.

Special condition one bans Mefford from possessing "any pornography." This language is similar to that in many conditions we have previously upheld. See, e.g., United States v. Wiedower, 634 F.3d 490, 492, 496–97 (8th Cir. 2011) (any "form of media containing pornographic images"); Boston, 494 F.3d at 667–68 ("any form of pornography"); United States v. Ristine, 335 F.3d 692, 694–95 (8th Cir. 2003) ("any pornographic materials"). In light of Mefford's past sex crimes, his rehabilitation, and the need to protect children from future exploitation, we believe that banning him from possessing "any pornography" is "appropriately tailored" to his circumstances and thus constitutional. See Ristine, 335 F.3d at 694–95. Our conclusion that this special condition is not overbroad is also supported by the fact that the term "sexually explicit conduct" is modified by its definition in 18 U.S.C. § 2256(2), which describes only graphic sex acts. In addition, we understand the phrase "including any material that depicts or alludes to sexual activity" as limited exclusively to material that is considered "pornography," the word immediately preceding that phrase in special condition one.

We next turn to special condition two which prohibits Mefford from "enter[ing] any location where pornography, erotica, or adult entertainment can be obtained or viewed." This language is virtually identical to wording we have previously upheld. See Ristine, 335 F.3d at 694–95 (defendant prohibited from entering "any establishment where pornography or erotica can be obtained or viewed"). Some of our more recent cases have upheld bans on sex offenders' entering certain locations where the "primary" product or service being offered is pornography, erotica, or adult

entertainment.  See, e.g., United States v. Muhlenbruch, 682 F.3d 1096, 1105 (8th Cir. 2012); Boston, 494 F.3d at 664, 667–68.  While such limiting terms might have been useful here, we nevertheless conclude that special condition two is constitutional.

For these reasons we affirm the imposition of special conditions one and two on Mefford's supervised release.

_____