M. SMITH, Circuit Judge,
concurring in the judgment:
The question before the panel is whether the district court abused its discretion in revising the conditions of Gnirke’s supervised release. I agree with the majority that the district court acted well within its discretion in imposing a condition that prohibits Gnirke from “possessing] any materials ... that depict[ ] ‘sexually explicit conduct’ involving children and/or adults, as defined by 18 U.S.C. § 2256(2); and ... patronizing] any place where such materials or entertainment are available.” However, I cannot agree that we must—or even can—reach this conclusion by construing the condition to say something that it plainly does not say. Moreover, in rewriting the challenged condition to substitute its own definition of “sexually explicit material” for the district court’s undoubt *1168 edly permissible definition of the materials Gnirke is prohibited from accessing, the majority disregards the abuse of discretion standard and exceeds the scope of our authority.
For these reasons, I respectfully concur only with the judgment.
I. The District Court Acted Within its Discretion
The district court acted well within its discretion in prohibiting Gnirke from accessing “[material] that depicts ‘sexually explicit conduct’ involving children and/or adults, as defined by 18 U.S.C. § 2256(2)” and from “patronizing] any place where such materials or entertainment are available.” The majority impugns the validity of the condition by equating the district court’s use of “sexually explicit conduct” with “pornography,” a term our court has found to be unconstitutionally vague in the context of supervised release conditions because “it lacks any recognized legal definition.” United States v. Guagliardo, 278 F.3d 868, 872 (9th Cir.2002). From this false premise, the majority erroneously concludes that “the condition actually imposed sweeps too broadly.” But the district court did not prohibit Gnirke from possessing “pornography”; instead, it specified the materials that Gnirke cannot access, and tied the condition to the definition of “sexually explicit conduct” set' forth in § 2256(2).
We review the imposition of conditions of supervised release for abuse of discretion. United States v. Wolf Child, 699 F.3d 1082, 1089 (9th Cir.2012). Any special condition must be “reasonably related” to the goals of deterrence, protection of the public, and rehabilitation of the offender. 18 U.S.C. §§ 3583(d)(1), 3553(a). In addition, the conditions cannot involve any “greater deprivation of liberty than is reasonably necessary for the purposes” of supervised release. 18 U.S.C. § 3583(d)(2). “The.touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration” of the relevant factors. United States v. Rudd, 662 F.3d 1257, 1261 (9th Cir.2011) (internal quotation marks omitted).
As the majority explains, Gnirke molested a twenty-month old baby who was left in his care, and was subsequently convicted of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c), and infliction of inhuman punishment on a child, in violation of 18 U.S.C. § 13 and California Penal Code § 273(d). Gnirke’s sister further reports that Gnirke engaged in sexual conduct with her on at least two occasions when she was a child. And it is undisputed that Gnirke himself was a victim of sexual abuse. During his incarceration, Gnirke refused to participate in sex offender treatment, was found in possession of pornography, failed drug treatment, was charged three times for possession of drugs or alcohol, used heroin and marijuana, and had ten instances of institutional misconduct.
In preparing Gnirke’s Discharge Evaluation, the Sex Offender Treatment Program psychologist considered these factors and “placed [Gnirke] in a moderate to high (between 81st and 90th percentile) risk category to reoffend relative to other male sexual offenders.” The psychologist further recommended intensive treatment focusing on “offense-specific targets ... [to] reduce the likelihood of further sexual offending.” The psychologist specified that Gnirke “should not view or possess anything sexually explicit or suggestive, including books, videos, magazine [cutouts], etc.”
Following a hearing, the district court modified the conditions of Gnirke’s supervised release to include a condition that *1169 prohibits Gnirke from “possessing] any materials ... that depict[ ] ‘sexually explicit conduct’ involving children and/or adults, as defined by 18 U.S.C. § 2256(2); and ... patronizing] any place where such materials or entertainment are available.” The record is thus clear that the district court imposed this condition out of a concern for public safety, to minimize Gnirke’s likelihood of sexually violating another child, and to further Gnirke’s rehabilitation.
As the majority observes, the challenged condition may prohibit Gnirke from patronizing certain establishments, and the condition reaches some forms of speech that are constitutionally protected for most people. Nevertheless, “[t]he district court has broad discretion in setting conditions of supervised release, including restrictions that infringe on fundamental rights.” United States v. Bee, 162 F.3d 1232, 1234 (9th Cir.1998). Moreover, we have recognized that “[a] defendant’s right to free speech may be abridged to effectively address [his] sexual deviance problem.” United States v. Rearden, 349 F.3d 608, 619 (9th Cir.2003) (internal quotation marks omitted).
For these reasons, we have previously upheld conditions of supervised release that are nearly identical to the condition before us. In United States v. Daniels, 541 F.3d 915, 927 (9th Cir.2008), and United States v. Rearden, 349 F.3d at 619, we affirmed conditions of supervised release that prohibited the probationer from possessing any materials depicting or describing “sexually explicit conduct” involving children or adults as defined in 18 U.S.C. § 2256(2). In United States v. Bee, 162 F.3d at 1234, we upheld a condition that prohibited the probationer from “possessing] any sexually stimulating or sexually oriented material as deemed inappropriate by [his] probation officer and/or treatment staff, or patronizing] any place where such material or entertainment is available.”
The majority concludes that these prior holdings are not dispositive and that the challenged condition “sweeps too broadly.” The majority reasons that we need not follow our precedent because: (1) the conditions in Daniels, Rearden, and Bee were reviewed for plain error, and (2) the conditions in Daniels and Rearden did not include a provision that prohibited the probationer from patronizing any place where the prohibited materials were available. The majority’s conclusion is inconsistent with our case law and also contradicts that of other circuits.
Just because the conditions in Daniels, Rearden, and Bee were reviewed for plain error does not mean that these cases are devoid of precedential value. The condition at issue in Bee restricted the probationer’s access to sexually explicit materials and prohibited him from patronizing any place where such materials are available. Id. In affirming this condition, we did not merely hold that the district court did not commit plain error. We specifically held that the condition was substantively reasonable because “the probation officer believed and the district court agreed that this condition was necessary to address Bee’s problems with deviant sexual behavior ... [and it was] therefore sufficiently related to the goal of ‘protecting] the public from further crimes of the defendant.’ ” Id. at 1235 (quoting 18 U.S.C. § 3553(a)(2)(C)). We subsequently reaffirmed Bee’s holding in United States v. Guagliardo, in which we explained that “a probationer does not have an unqualified First Amendment right to ‘sexually stimulating or sexually oriented materials.’ ” 278 F.3d 868, 872 (9th Cir.2002) (quoting Bee, 162 F.3d at 1232).
*1170 Our sister circuits have also affirmed substantively identical conditions. For example, in United States v. Mefford, the Eighth Circuit rejected an overbreadth challenge and upheld a condition of supervised release which stated that the probationer “shall not access, view, possess, or have under his control any pornography, including any material that depicts or alludes to sexual activity, or sexually explicit conduct as defined by 18 U.S.C. § 2256(2) ... [or] enter any location where [such materials] can be obtained or viewed.” 711 F.3d 923, 926-28 (8th Cir.2013); see also United States v. Deatherage, 682 F.3d 755, 762 (8th Cir.2012) (upholding a condition of supervised release which stated that the probationer “shall not purchase, possess ... or use any media forms containing pornographic images or sexually oriented materials including ... materials containing ‘sexually explicit conduct’ as defined in 18 U.S.C. § 2256(2)”); United States v. Thielemann, 575 F.3d 265, 268 (3d Cir.2009) (holding that a condition that prohibited a probationer from “possessing] and viewing ... sexually explicit material, as defined in 18 U.S.C. § 2256(2)(A), does not violate the Constitution”). In each of these cases, the court reviewed for abuse of discretion, not for plain error, and each plainly held that the challenged condition was not constitutionally overbroad. Mefford, 711 F.3d at 926-28; Deatherage, 682 F.3d at 762; Thielemann, 575 F.3d at 268.
In light of the egregious nature of Gnirke’s sexual misconduct, the psychologist’s opinion that Gnirke is likely to reoffend, and the psychologist’s recommendation that Gnirke “not view or possess anything sexually explicit or suggestive,” the district court acted well within its discretion in imposing the challenged condition. The majority’s unfounded conclusion that the condition “sweeps too broadly,” is inconsistent with our case law and is also in direct conflict with decisions of our sister circuits.
II. Rewriting the Challenged Condition is Improper
Even if the district court had erred in imposing the challenged condition—which it did not—I would refrain from rewriting the condition because it is not our role as an appellate court to craft conditions of supervised release, and doing so disregards the abuse of discretion standard and exceeds the scope of our authority.
District courts have broad discretion in fashioning conditions of supervised release. United States v. Gementera, 379 F.3d 596, 600 (9th Cir.2004). On appeal, our only duty is to determine whether the district court abused this discretion. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (“The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record.”).
If we determine that the district court acted within its discretion in imposing a condition of supervised release, we affirm the condition. Id. If we determine that the district court abused its discretion, we must vacate the condition and remand to the district court with instructions that the district court impose a revised condition. See, e.g., Wolf Child, 699 F.3d at 1102 (holding that conditions of supervised release were overbroad and remanding for the district court to “carefully examine what more narrowly circumscribed conditions would be reasonably related to the statutory purposes of [supervised release]”); United States v. Sales, 476 F.3d 732, 737 (9th Cir.2007) (holding that condi *1171 tion of supervised release was overbroad and remanding because “the district court, in consultation with the probation officer, is better suited to the job of crafting adequate but not overly restrictive conditions of supervised release”).
Here, the . challenged condition plainly states that “[Gnirke shall n]ot possess any materials such as videos, magazines, photographs, computer images or other matter that depicts ‘sexually explicit conduct’ involving ... adults, as defined by 18 U.S.C. § 2256(2); and [shall] not patronize any place where such materials or entertainment are available.” The majority concludes that it was within the scope of the district court’s discretion to limit Gnirke’s access to adult pornography, but that “the condition actually imposed sweeps too broadly.” Nevertheless, rather than vacating the condition and remanding for the district court to narrow the condition’s breadth, the majority rewrites the condition to substitute its own definition of “sexually explicit conduct” for the district court’s plainly stated definition. In so doing, the majority exceeds the permissible scope of our review.
In order to justify rewriting the challenged condition of supervised release, the majority cites to United States v. Goddard, 537 F.3d 1087 (9th Cir.2008). In that case, we reviewed several conditions of supervised release. One condition stated that the probationer “shall not add, remove, upgrade, update, re-install, repair, or otherwise modify the hardware or software on [his] computers, computer-related devices, or their peripheral equipment ... without the prior approval of [his] Probation Officer.” Id. at 1090 n. 3. We concluded that this condition would be unworkable as a “practical matter” if it were “broadly applied,” and we narrowly construed the condition not to apply to “routine or automatic” software modifications or upgrades. Id. at 1090-91. We further read a condition that the probationer “shall use eom-puters/deviees only within the scope of his employment” to apply only to the probationer’s use of computers at work. Id. at 1090-91 (“[R]easonably construed in context, [the condition] means that at work, [the probationer] shall use computers and computer related devices only within the scope of his employment.”).
As with any legal text, we may only impose a limiting construction on a condition of supervised release if it is “ ‘readily; susceptible’ to such a construction.” Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 946 (9th Cir.2011) (en banc) (quoting Reno v. Am. Civil Liberties Union, 521 U.S. 844, 884, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997)). In Goddard, the plain language of the challenged conditions was fairly susceptible to a narrow reading, and our reading neither conflicted with nor altered the conditions’ plain terms. By contrast, the text of the condition before us specifically refers to “sexually explicit conduct” and it adopts the definition of “sexually explicit” found in 18 U.S.C. § 2256(2). I see no way to read the condition as having any alternate meaning, including the one the majority has assigned to it.
I am not aware of any precedent that permits us to redraft conditions of supervised release as we see fit. Accordingly, if the majority believes that the challenged condition is overbroad—a conclusion with which I disagree—the proper course would be to vacate the condition and remand to the district court.
III. Conclusion
The district court did not abuse its discretion in imposing a condition that prohibits Gnirke from “possessing] any materials ... that depict[ ] ‘sexually explicit conduct’ involving children and/or adults, *1172 as defined by 18 U.S.C. § 2256(2); and ... patronizing] any place where such materials or entertainment are available.” I would affirm on these grounds.
I am perplexed by the majority’s decision to exceed the permissible scope of our review by rewriting a condition of supervised release that is substantively identical to those that we and our sister courts have affirmed on a number of occasions.
For these reasons, I respectfully concur only with the judgment.