# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2771

_____

United States of America

*Plaintiff - Appellee*

v.

Jonathan Sebert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Central Division

_____

Submitted: June 11, 2018
Filed: August 13, 2018
[Published]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

In August 2017, the district court[1] sentenced Jonathan Sebert ("Sebert") to two hundred forty months of imprisonment, followed by twenty years of supervised

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

release, based on his guilty plea to receipt of child pornography. Sebert argues on appeal that his sentence is substantively unreasonable and that one of the special conditions for his supervised release term is unconstitutionally overbroad and vague.

We review a sentence for substantive reasonableness in relation to the advisory sentencing range from the U.S. Sentencing Guidelines Manual (the "Guidelines range") and the factors from 18 U.S.C. § 3553(a). *See United States v. Funke*, 846 F.3d 998, 1000 (8th Cir. 2017). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). We accord a presumption of reasonableness when the sentence is within the Guidelines range. *See Funke*, 846 F.3d at 1000.

At sentencing, the district court carefully considered several factors when deciding to impose the statutory maximum sentence, as recommended by the Guidelines.[2] For example, the district court placed great emphasis on the fact the plea deal allowed Sebert to escape a longer sentence for sexually exploiting his girlfriend's thirteen year old daughter. The district court also considered Sebert's distribution of child pornography. It further observed that Sebert's lack of violent criminal history and demonstrated remorse were typical of passive child pornography offenders and did not support a variance in his sentence in light of the aggravating factors. While we recognize that Sebert may disagree with the way the district court weighed the factors, he has not overcome the presumption of reasonableness, nor do

---

[2]The prison term was the statutory maximum for a violation of 18 U.S.C. § 2252(a)(2), which constrained the otherwise applicable Guidelines range of two hundred ninety-two months to three hundred sixty-five months.

we see any basis to conclude the district court abused its discretion. Accordingly, we hold the sentence is substantively reasonable.

Sebert's challenge to a special condition of supervised release is foreclosed by our precedents. The special condition at issue states that Sebert "must not view, possess, produce, or use any form of erotica or pornographic materials, and the defendant must not enter any establishment where pornography or erotica can be obtained or viewed."

Sebert argues the term "erotica" is unconstitutionally vague and overbroad. We have previously held that a condition with the same key terms, prohibiting a defendant from "enter[ing] any location where pornography, erotica, or adult entertainment can be obtained or viewed," *United States v. Mefford*, 711 F.3d 923, 928 (8th Cir. 2013) (alteration in original), was not unconstitutionally vague or overbroad. "We are bound by *Mefford* and hold that the terms 'pornography' and 'erotica' are not vague as applied in [this] case." *United States v. Bordman*, No. 17-2395, 2018 WL 3433754, at *10 (8th Cir. July 17, 2018).

We affirm.

GRASZ, Circuit Judge, concurring.

I join the Court's opinion in full. I write separately to observe that this Court's opinion in *Mefford*, which is the controlling precedent as to the special condition challenge, is suspect because it appears to have been based on the mistaken belief that the panel was bound by *Ristine* regarding the validity of the special condition concerning "erotica."

In *Mefford*, the Court reviewed a special condition relevantly containing provisions substantively identical to those challenged here prohibiting the supervised offender from entering any establishment where "erotica" can be obtained or viewed. The Court upheld the special condition, noting that its language was "virtually identical to wording we have previously upheld" in *Ristine*. *Mefford*, 711 F.3d at 928 (citing *Ristine*, 335 F.3d at 694–95). The problem with the *Mefford* court's analysis, and its application to the erotica provisions of the special condition, is twofold.

First, the defendant in *Ristine* challenged only the portion of the special condition pertaining to pornographic materials. 335 F.3d at 694. The opinion clearly stated that "Ristine does not argue that the restrictions concerning 'erotica' are overbroad or vague." *Id.* at 694 n.2. Thus, the Court in *Mefford* was not bound by *Ristine* as to special condition language pertaining to erotica.

Second, the Court in *Ristine* was reviewing the special condition under a plain error standard of review. *Id.* at 695. The *Ristine* Court expressly stated that "[w]ere we reviewing this special condition for an abuse of discretion, we might be forced to select the line of reasoning we find more compelling, but the standard here is plain error." *Id.* (referencing a circuit split regarding whether certain pornography-related restrictions were unconstitutionally vague).

Here, the special condition's ban on viewing any form of "erotica" or entering any place where "erotica" can be obtained or viewed would appear to present the same constitutional and practical concerns as similar special conditions pertaining to "nudity" that were previously found invalid by this Court. *See Mefford*, 711 F.3d at 927; *United States v. Simons*, 614 F.3d 475, 483–85 (8th Cir. 2010) (vacating special condition encompassing "nudity"). This is because the term "erotica" is so broad it could, in this context, prohibit entering a big-box store or even visiting an art

-4-

museum.[3]  This is not trivial, since "[s]upervised release is a 'form of criminal sanction.'" *United States v. Jackson*, 866 F.3d 982, 985 (8th Cir. 2017) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987)).  Violation of a special condition can result in imprisonment.

Notably, the government devotes part of its argument here to what the district court *really meant* by the special condition rather than what the text of the condition says.  The government also seems to struggle to present any direct defense of the challenged terminology, instead resorting to analogies and generalizations.  Although use of the term "erotica" has been repeatedly upheld by this Court (relying on *Ristine* and *Mefford*), never has its definition been so much as discussed.  This suggests clearer language may help all parties.  This can be achieved by district courts more clearly defining what material or activity is prohibited, either by using the terminology approved by this Court in cases such as *United States v. Hobbs*, 710 F.3d 850, 855–56 (8th Cir. 2013) or by crafting new language reasonably related to the § 3553(a) sentencing factors.[4]

---

[3]*Compare* Merriam-Webster's Collegiate Dictionary (10th ed. 2002) (defining erotica as "literary or artistic works having an erotic theme or quality" and erotic as "of, devoted to, or tending to arouse sexual love or desire") *with* Oxford English Dictionary (2018), http://www.oed.com (defining erotica as "[m]atters of love; erotic literature or art (frequently as a heading in catalogues)" and erotic as "[o]f or pertaining to the passion of love; concerned with or treating of love; amatory").

[4]The concerns expressed as to the term "erotica" do not apply to the term "pornography."  We have repeatedly affirmed special condition restrictions on pornography because we do not define it as broadly as other circuits.  For example, we have positively cited the Third Circuit's conclusion that a ban on nudity is overbroad, but we also distinguished nudity from pornography, rejecting the Third Circuit's rationale that a prohibition of pornography is unconstitutional "because it 'might apply to a wide swath of work ranging from serious art to ubiquitous advertising' and 'to any art form that employs nudity.'" *United States v. Simons*, 614 F.3d 475, 483 (8th Cir. 2010) (quoting *United States v. Loy*, 237 F.3d 251, 261–62,

While the controlling precedent appears to be on shaky ground, the district courts need not continue to add additional floors to this unstable foundation. The point is not to halt construction, but to fashion safeguards for children that are legally sound. In this regard it should be noted that even the holdings in *United States v. Kelly*, 625 F.3d 516, 519–22 (8th Cir. 2010) and *Simons*, 614 F.3d at 483–85 do not preclude district judges from imposing properly tailored supervised release conditions restricting possession of nude visual depictions of children by offenders convicted of crimes involving child pornography, and especially those who have histories of sexual abuse of minors. It is only where over broad terms are used without properly tailoring the condition so that they reasonably relate to the factors set forth in the United States Code that the validity of the conditions comes into question.

Special conditions should fulfill statutory supervision goals, including protecting society and deterring criminal activity against children, without inadvertently and unnecessarily creating issues for appeal by using vague or overly broad terms.

---

266–67 (3d Cir. 2001)).