PER CURIAM.
 

 In August 2017, the district court
 
 [1]
 
 sentenced Jonathan Sebert ("Sebert") to two hundred forty months of imprisonment, followed by twenty years of supervised release, based on his guilty plea to receipt of child pornography. Sebert argues on appeal that his sentence is substantively unreasonable and that one of the special conditions for his supervised release term is unconstitutionally overbroad and vague.
 

 We review a sentence for substantive reasonableness in relation to the advisory sentencing range from the U.S. Sentencing Guidelines Manual (the "Guidelines range") and the factors from
 
 18 U.S.C. § 3553
 
 (a).
 
 See
 

 United States v. Funke
 
 ,
 
 846 F.3d 998
 
 , 1000 (8th Cir. 2017). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors."
 
 United States v. Miner
 
 ,
 
 544 F.3d 930
 
 , 932 (8th Cir. 2008). We accord a presumption of reasonableness when the sentence is within the Guidelines range.
 
 See
 

 Funke
 
 ,
 
 846 F.3d at 1000
 
 .
 

 At sentencing, the district court carefully considered several factors when deciding to impose the statutory maximum sentence, as recommended by the Guidelines.
 

 [2]
 
 For example, the district court placed great emphasis on the fact the plea deal allowed Sebert to escape a longer sentence for sexually exploiting his girlfriend's thirteen year old daughter. The district court also considered Sebert's distribution of child pornography. It further observed that Sebert's lack of violent criminal history and demonstrated remorse were typical of passive child pornography offenders and did not support a variance in his sentence in light of the aggravating factors. While we recognize that Sebert may disagree with the way the district court weighed the factors, he has not overcome the presumption of reasonableness, nor do we see any basis to conclude the district court abused its discretion. Accordingly, we hold the sentence is substantively reasonable.
 

 Sebert's challenge to a special condition of supervised release is foreclosed by our precedents. The special condition at issue states that Sebert "must not view, possess, produce, or use any form of erotica or pornographic materials, and the defendant must not enter any establishment where pornography or erotica can be obtained or viewed."
 

 Sebert argues the term "erotica" is unconstitutionally vague and overbroad. We have previously held that a condition with the same key terms, prohibiting a defendant from "enter[ing] any location where pornography, erotica, or adult entertainment can be obtained or viewed,"
 
 United States v. Mefford
 
 ,
 
 711 F.3d 923
 
 , 928 (8th Cir. 2013) (alteration in original), was not unconstitutionally vague or overbroad. "We are bound by
 
 Mefford
 
 and hold that the terms 'pornography' and 'erotica' are not vague as applied in [this] case."
 
 United States v. Bordman
 
 ,
 
 895 F.3d 1048
 
 , 1062 (8th Cir. 2018).
 

 We affirm.
 

 The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.
 

 The prison term was the statutory maximum for a violation of
 
 18 U.S.C. § 2252
 
 (a)(2), which constrained the otherwise applicable Guidelines range of two hundred ninety-two months to three hundred sixty-five months.