# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2531

_____

United States of America

*Plaintiff - Appellee*

v.

Stuart Adams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 16, 2021
Filed: September 14, 2021
_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Stuart Adams pled guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and was sentenced to a term of imprisonment of 180 months to be followed by 5 years of supervised release with various conditions. Adams appeals, claiming his sentence was both substantively unreasonable and the district

court[1] abused its discretion in imposing certain special conditions of supervised release. We affirm the sentence and the imposition of the challenged conditions, but remand for the district clerk of court to amend the judgment as it relates to certain conditions of supervised release.

## I.    BACKGROUND

On February 21, 2019, an undercover FBI agent posted an advertisement on Craigslist offering children for sexual purposes. Adams responded, expressing interest in meeting the fictional 8-year old daughter for sexual intercourse. Adams also sent the undercover agent two videos and one image of sexually explicit material involving a child. Law enforcement obtained a search warrant and subsequently seized a cellphone and multiple hard drives from Adams' residence containing videos and images of sexually explicit material involving children.

Adams pled guilty to one count of distribution of child pornography pursuant to a written plea agreement. At sentencing, the district court determined the advisory Guidelines range was 97 to 121 months' imprisonment. Both parties requested a within-Guidelines sentence but the district court varied upwards, imposing a 180-month term of imprisonment because of Adams' attempted hands-on offense against the fictional 8-year old girl. The district court also imposed a number of special conditions of supervised release. Adams appeals.

## II.    DISCUSSION

Adams raises two claims on appeal: (1) his term of imprisonment is substantively unreasonable, and (2) the district court erred in imposing certain special

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

conditions of supervised release. The government moved to dismiss Adams' appeal of the special conditions, arguing that Adams waived his right to appeal those conditions in his plea agreement. We take each issue in turn.

### A.    Substantive Reasonableness

"We review the substantive reasonableness of a sentence for abuse of discretion." United States v. Barthman, 983 F.3d 318, 321 (8th Cir. 2020). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). This is such a narrow and deferential standard that "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Id. at 464 (citation omitted).

The district court explained its sentence was based on information in Adams' presentence report ("PSR"), counsel's arguments, and the sentencing factors set forth in 18 U.S.C. § 3553. The district court specifically noted it considered factors weighing in favor of Adams, but found an upwards variance was warranted due to the seriousness of Adams' plan to have sexual intercourse with an 8-year-old girl. While Adams argues the district court, in imposing the 59-month variance, relied on factors already taken into account by the Guidelines, his argument misapprehends the record and the court's reasons for the above-Guidelines sentence.

Adams pled guilty to a distribution charge, which does not include as an element attempted hands-on sexual abuse of a child. And, while his offense level was increased due to certain specific offense characteristics, these also did not take into account Adams' attempted hands-on abuse. Even if the Guidelines considerations

-3-

had tangentially taken into account hands-on conduct, a sentencing court may vary upwards on factors already considered in the Guidelines. See United States v. Luscombe, 950 F.3d 1021, 1032 (8th Cir. 2020).

Adams also argues the district court failed to consider his lack of criminal history and steady employment history. But these points were raised at sentencing, included in the PSR, and considered by the district court. We find no abuse of discretion because the district court gave greater weight to the aggravating factor of an intended hands-on offense than it did to the mitigating factors argued by Adams.

The record reflects the district court considered all relevant factors, did not consider any irrelevant or improper factors, and imposed a sentence only after carefully weighing all the appropriate information before it. The sentence is not substantively unreasonable.

## B.    Special Conditions of Supervised Release

Before addressing the merits of Adams' challenge to the special conditions of supervised release, we first consider the government's argument that Adams waived his right to appeal those conditions in the plea agreement.

When reviewing a purported waiver, we consider whether: (1) the appeal falls within the scope of the waiver; (2) both the waiver and plea agreement were entered into knowingly and voluntarily; and (3) enforcing the waiver would not result in a miscarriage of justice. United States v. Guice, 925 F.3d 990, 992 (8th Cir. 2019) (citing United States v. Andis, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc)). The government bears the burden of proving that the plea agreement clearly and unambiguously waives a defendant's right to appeal, so we construe any ambiguities against the government. Andis, 333 F.3d at 890.

Adams' plea agreement "reserve[d] the right to appeal the sentence if [he] ma[de] a contemporaneous objection because the sentence imposed is above the Guideline range that is established at sentencing." The parties agree these conditions precedent were met. They dispute whether an appeal of the special conditions of supervised release falls within the scope of the waiver. The government contends Adams' right to appeal is limited to his term of imprisonment while Adams argues he can challenge the entire sentence on appeal.

We have held that "[t]he term of supervised release is a part of a defendant's sentence." United States v. James, 792 F.3d 962, 967 (8th Cir. 2015). Subsection (a) of 18 U.S.C. § 3583—the statute governing terms of supervised release—provides that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." By conditionally reserving the right to appeal "the sentence," Adams conditionally reserved the right to appeal the special conditions of supervised release. Even if we found the plea agreement was ambiguous on this point, we would read the plea agreement in favor of Adams' appellate rights.

When imposing a sentence, a district court is afforded wide discretion in imposing conditions of supervised release, so long as they meet the requirements of 18 U.S.C. § 3583(d). United States v. Mayo, 642 F.3d 628, 631 (8th Cir. 2011) (per curiam). Section 3583(d) provides that any special condition: (1) "must be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, deterrence of criminal conduct, protection of the public, and treatment of the defendant's correctional needs"; (2) cannot deprive the defendant of liberty "greater than reasonably necessary for the purposes of deterring criminal conduct, protecting the public from the defendant, and treating the defendant's correctional needs"; and (3) "must be consistent with pertinent Sentencing Commission policy statements." Id.

Adams argues the district court erred in imposing four special conditions of supervised release. He also contends the written judgment as to two additional conditions is inconsistent with the court's oral judgment. While we find the district court acted within its discretion when imposing the special conditions, the written judgment is not entirely consistent with the district court's oral pronouncement at sentencing. For the reasons explained below, we direct the district court to amend the judgment consistent with this opinion.

Adams challenges Special Condition 15, which forbids him from viewing or possessing pornography, including adult pornography. Because Adams failed to object at sentencing, we review for plain error. United States v. Osman, 929 F.3d 962, 966 (8th Cir. 2019). Our court has repeatedly upheld similar provisions in the past. United States v. Thompson, 653 F.3d 688, 694 (8th Cir. 2011); see also United States v. Wiedower, 634 F.3d 490, 496–97 (8th Cir. 2011). The imposition of Special Condition 15 was not error, plain or otherwise.

Adams also challenges Special Condition 16, which bans him from entering "adult bookstores, strip clubs, or adult sex-themed entertainment businesses, or any establishments where such material or entertainment is available." Adams objected to Special Condition 16 at sentencing; therefore, we review for abuse of discretion. United States v. Mays, 993 F.3d 607, 620 (8th Cir. 2021). When confronted with defendants convicted of child pornography offenses, we have routinely affirmed bans on entering certain adult-themed establishments, irrespective of whether the relevant conduct involved such establishments. See United States v. Sebert, 899 F.3d 639, 641 (8th Cir. 2018) (per curiam); United States v. Muhlenbruch, 682 F.3d 1096, 1105 (8th Cir. 2012). We have found these conditions reasonably related to the nature of the offense, and do so again here.

However, Adams also argues, and the government concedes, that read literally Special Condition 16 would prohibit Adams from entering businesses like

convenience stores and book stores. The government acknowledged this was not the intent of the condition. We direct that the judgment be corrected to reflect the district court's clear intent that Special Condition 16 be limited to establishments whose primary business involve sex-themed material or entertainment.

Adams next challenges Special Condition 23, which prohibits him from "us[ing] any sexually stimulating drug unless specifically prescribed by a doctor who has been notified of the defendant's sex offender status." Adams failed to object to this condition at sentencing, so we once again review for plain error. Osman, 929 F.3d at 966. While raising the issue generally, Adams has made no specific argument directed at Special Condition 23 other than it, together with Special Conditions 15 and 16, is "unduly restrictive and overly broad." Such a vague claim is insufficient to meet his burden of establishing plain error. See United States v. Wisecarver, 644 F.3d 764, 775 (8th Cir. 2011) (to show plain error "the appellant must show that the district court committed an error that is clear under current law, that the error affects his substantial rights, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings" (citation omitted)).

Adams also challenges Special Condition 24, which states, in relevant part: "[t]he defendant must not have any direct contact with any child he knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer." Because Adams objected to this condition below, we review for abuse of discretion. United States v. Hobbs, 710 F.3d 850, 855 (8th Cir. 2013).

Adams is the father of five children, one of whom will likely still be under the age of 18 at the time of his release from prison. Adams argues the circumstances in his case were not sufficiently compelling for the district court to restrict his right to have contact with his own children. In child pornography cases, "[d]espite the constitutional sensitivity of such restrictions, we have repeatedly upheld conditions

requiring defendants to receive permission from a probation officer before contacting their own children." Id. at 854 (collecting cases). In Hobbs, the Court noted that we must "scrutinize more carefully conditions restricting the defendant's right to contact his own children." Id. at 853–54. Even under the more highly individualized inquiry set forth in Hobbs, the condition is particularly justified here because Adams attempted to meet the undercover agent's fictional 8-year-old daughter for sexual intercourse. Special Condition 24 is reasonably related to the nature and circumstances of the offense and Adams' history and characteristics.

In addition, we have highlighted the difference between conditions that entirely prohibit certain contact with minors and those that allow contact with the permission of the probation office. See, e.g., United States v. Simons, 614 F.3d 475, 482 (8th Cir. 2010); United States v. Mickelson, 433 F.3d 1050, 1057 (8th Cir. 2006). The latter are generally more narrowly tailored to "involve[] no greater deprivation of liberty than is reasonably necessary" to protect the public. 18 U.S.C. § 3583(d)(2). This is the case here. We find no abuse of discretion in imposing Special Condition 24.

As a final matter, Adams seeks amendment of the judgment as it pertains to Special Conditions 14 and 24 to conform the district court's written judgment with its oral judgment. In the written judgment, both conditions mention only the probation office and not the court, whereas at sentencing the district court ordered

that it may also make those determinations.[2] The government concedes that, "[w]here an oral sentence and the written judgment conflict, the oral sentence controls." United States v. Durham, 618 F.3d 921, 934 (8th Cir. 2010) (citation omitted). The district court is obligated to revise these conditions in the written judgment so they are consistent with its oral judgment.

## III.   CONCLUSION

We affirm Adams' sentence and the imposition of the challenged conditions of supervised release but remand to the clerk of district court to amend the written judgment as it relates to Special Conditions 14, 16, and 24 in a manner consistent with this opinion.

_____

_____

[2]Specifically, Special Condition 24 of the written judgment indicates that Adams cannot have contact with any children, including his own, without the permission of the probation officer, but the district court also orally added the caveat that Adams would be allowed to have contact with his children if the court determined that he is not a danger to them after reviewing his psychosexual evaluation.

Special Condition 14 of the written judgment states that Adams must participate in and pay for the cost of sex offender treatment, with limitations based on his ability to pay as determined by the probation office. In its oral judgment, the district court provided that both itself or the probation office could determine Adams' ability to pay.