# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-2158

———————————————

United States of America

*Plaintiff - Appellee*

v.

David Lenorris Cooper

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: December 10, 2021
Filed: December 21, 2021
[Unpublished]

——————————

Before COLLOTON, BENTON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

David Lenorris Cooper appeals after he pled guilty to failing to register as a sex offender, and the district court[1] imposed an above-Guidelines prison sentence to run consecutively to an undischarged state sentence, and various special conditions

———————————

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

of supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms the prison sentence and the imposition of release conditions, but remands for the district court to amend the judgment as it relates to Special Conditions 18 and 19.

Counsel has moved for leave to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is unreasonable because the district court failed to adequately explain its reasoning for running the federal sentence consecutively to the state sentence, and failed to properly consider and weigh the relevant 18 U.S.C. § 3553(a) sentencing factors. Counsel also argues that the district court erred in imposing special conditions of supervised release restricting Cooper's access to adult pornography.

The district court considered the relevant sentencing factors in deciding to run the sentences consecutively, and committed no plain error. *See United States v. Brown*, 992 F.3d 665, 672 (8th Cir. 2021) (standard of review); *see also* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."); *United States v. Rutherford*, 599 F.3d 817, 820-22 (8th Cir. 2010) (affirming where district court stated it considered the § 3553(a) factors, Guidelines, presentence report, arguments of counsel, and defendant's allocution, and imposed consecutive sentences); U.S.S.G. § 5G1.3(d), & comment. (n.4(A)) (factors to consider in imposing consecutive sentences). The sentence was not substantively unreasonable because the court properly considered the section 3553(a) factors and did not err in weighing them. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors; this court must give due deference to district court's determination that § 3553(a) factors justify variance); *see also United States v. Mangum*, 625 F.3d 466, 469-70 (8th Cir.

2010) (upward variance was reasonable where court made individualized assessment based on facts presented).

The record supports restrictions on Cooper's access to pornography. *See United States v. Adams*, 12 F.4th 883, 888 (8th Cir. 2021) (district court is afforded wide discretion in imposing conditions of supervised release, so long as they meet the requirements of 18 U.S.C. § 3583(d)).

Special Conditions 18 and 19 should be clarified on remand. *See United States v. Robertson*, 948 F.3d 912, 919 (8th Cir.), cert. denied, 141 S. Ct. 298 (2020) (standard of review). Special Condition 18 prohibits Cooper from entering "adult bookstores, strip clubs, or adult sex-themed entertainment businesses, or any establishments where such material or entertainment is available." Although bans on entering adult-themed establishments are routinely upheld by this court as reasonably related to the nature of the offense, the inclusion of "any establishments where such material or entertainment is available" results in a condition that is overly broad. *See Adams*, 12 F.4th at 889. Cooper did not object to this language, but as in *Adams*, this court directs that it be amended to conform to the district court's presumed intent that the condition extend only to "establishments whose primary business involves sex-themed material or entertainment." *See Id*.

Special Condition 19 includes a prohibition on "material that would compromise the defendant's sex offense-specific treatment." As written, the prohibition is impermissibly vague because it provides insufficient notice as to the proscribed conduct. The court directs that on remand, the judgment be amended to add to Special Condition 19 the clarifying phrase "if the defendant is so notified by the probation office." *See Robertson*, 948 F.3d at 920 (upholding condition requiring defendant to inform a person of a risk the defendant posed if defendant's probation officer determined defendant posed a risk; scope of condition could be ascertained with "sufficient ease").

The judgment of the district court is affirmed as to the length and consecutive nature of the sentence. The judgment is remanded for the narrow purpose of amending the written judgment as it relates to Special Conditions 18 and 19 in a manner consistent with this opinion. Counsel's motion to withdraw is granted.

_____