# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2013
_____

United States of America

*Plaintiff - Appellee*

v.

Troy Michael Barnes

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: March 18, 2022
Filed: April 26, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

On April 12, 2006, a grand jury returned an indictment against Troy Michael Barnes, charging him with receipt and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (4)(B). Among the materials found in his possession were more than 1,000 images of child pornography, including images containing prepubescent minor females as young as two years old engaging in sexually explicit

activity. Barnes entered a plea agreement and pleaded guilty on August 23, 2007 to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). On December 19, 2007, the district court sentenced Barnes to 78 months' imprisonment followed by 10 years of supervised release.[1] After serving his prison sentence, Barnes violated the terms of his supervised release, which was revoked on March 30, 2017. After serving another prison sentence, Barnes again violated the terms of his supervised release, and on April 27, 2021, his supervised release was again revoked. The district court calculated Barnes's advisory sentencing guidelines range to be between 4 and 10 months' imprisonment, but it sentenced him to 24 months' imprisonment followed by ten years of supervised release. Barnes appeals, arguing that his revocation sentence is substantively unreasonable.

"We review the district court's revocation sentencing decision under the same deferential-abuse-of-discretion standard that applies to initial sentencing proceedings." *United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021) (internal quotation marks, brackets, and emphasis omitted). Because our review of a sentence's substantive reasonableness is "narrow and deferential," "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Adams*, 12 F.4th 883, 887 (8th Cir. 2021).

Barnes argues that the district court's sentence was substantively unreasonable because it was "greater than necessary to effectuate the sentencing purposes outlined in 18 U.S.C. § 3553(a)." Specifically, he claims that the district court did not adequately account for his need for mental-health treatment. Barnes informed the court of his eagerness to recover, his attempts to obtain treatment, and the likelihood of failure during future periods of supervised release without such treatment. Barnes argues that the district court did not adequately account for a relevant factor in his sentencing.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

We disagree. The district court addressed Barnes's request for mental-health treatment and heard testimony that he had not received any sex-offender treatment during his previous incarceration. But the district court also considered the nature of Barnes's offense and his pattern of failing to follow the terms of his supervised release. It concluded that Barnes is "a serious public safety problem" and that he was "not even coming close" to following the terms of his supervised release. Despite Barnes's request for and desire to participate in mental-health treatment, the district court decided that the need for the above-guidelines sentence imposed was necessary "to protect the public from further crimes of the defendant." *See* § 3553(a)(2)(C). We conclude that the court did not abuse its discretion in assigning these factors more weight than Barnes's need for mental-health treatment and thus that the sentence imposed by the district court was not substantively unreasonable. *See United States v. Jones*, 509 F.3d 911, 915 (8th Cir. 2007) (rejecting the argument that the sentence was unreasonable because the district court did not account for the defendant's "failure to receive mental health treatment" where "the district court listened to the arguments, considered the evidence presented[,] and considered the § 3553(a) factors in imposing the sentence").

For the foregoing reasons, we affirm Barnes's sentence.

_____