# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1258

_____

United States of America

*Plaintiff - Appellee*

v.

John L. Phelps

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 18, 2024
Filed: December 11, 2024
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

John L. Phelps challenges the substantive reasonableness of his 110-month sentence for failing to report international travel as a sex offender. 18 U.S.C.

§ 2250(b). The district court[1] did not abuse its discretion in imposing the sentence, so we affirm.

In 2009, Phelps was found guilty of first-degree child molestation, making him a sex offender for purposes of the Sex Offender Registration and Notification Act. 34 U.S.C. § 20911. As a result, he had to report international travel to an appropriate official before engaging in it. *Id.* § 20914(a)(7); 18 U.S.C. § 2250(b). Following his release from prison, allegations surfaced that Phelps had begun committing further sex offenses. Aware of these allegations, he left the United States for Mexico without reporting his travel. Mexican authorities extradited him, and a Missouri jury found Phelps guilty of statutory rape, statutory sodomy, and incest. He received four-year, seven-year, and four life terms of imprisonment, all running consecutively.

In the separate federal case now before us, Phelps pleaded guilty to failing to report his travel to Mexico. The district court calculated his guidelines sentencing range as 21 to 27 months' imprisonment but varied upward to 110 months. It ordered the sentence to run consecutively to Phelps's state sentence, which he had appealed.

Phelps argues that his sentence was substantively unreasonable. We review it for abuse of discretion. *United States v. Lowry*, 595 F.3d 863, 865 (8th Cir. 2010).

We conclude that the district court reasonably determined that Phelps deserved an above-guidelines sentence because his past and present offenses showed he lacked respect for the law and was a danger to children. Phelps sexually abused a child in his family repeatedly. Shortly after a stint in prison for that offense, he began sexually abusing another child in his family repeatedly, only to leave the United States for Mexico when allegations concerning this wrongdoing gained currency. Between his first offense and his departure, he violated prison rules and state sex offender

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

registration requirements numerous times. The district court was entitled to infer from this continuous misconduct that an above-guidelines sentence was appropriate to protect the public from Phelps and promote respect for the law. *See United States v. Segura*, 747 F.3d 323, 327 (5th Cir. 2014); *cf. also United States v. Bruzek*, 2023 WL 1794918, at *2 (8th Cir. Feb. 7, 2023) (unpublished) (per curiam).

We reject Phelps's argument that the district court relied too heavily on this misconduct because the calculation of his guidelines sentencing range already accounted for it. As Phelps concedes, though, our precedent permits the district court to vary upward from the range based on considerations reflected in its guidelines calculation. *See United States v. Adams*, 12 F.4th 883, 887 (8th Cir. 2021). The district court could also consider the ways in which the guidelines calculation failed to account for Phelps's offenses, *see United States v. Cutler*, 87 F.4th 893, 896 (8th Cir. 2023), several of which are apparent. The guidelines calculation did not fully account for the repetitive character of each of Phelps's sex offenses against children in his family, his victimization of one child shortly after serving a sentence for victimizing the other, his violations of prison rules, or his departure from the United States when his prosecution for sex offenses was foreseeable.

We also reject Phelps's argument that the district court weighed his appeal from his most recent state sex offense convictions too heavily against him. Assuming Phelps is right that the district court made his federal sentence consecutive with his state sentence because it worried he would not "serve enough time" if the appeal succeeded, we think it acted within its discretion. The district court could impose a consecutive sentence "to achieve a reasonable punishment" for his federal offense. USSG § 5G1.3(d); *see also* 18 U.S.C. § 3584(a)–(b). In deciding whether to do so, it could consider "the time likely to be served before release" under the state sentence. USSG § 5G1.3 app. n.4(A)(iii); *United States v. Hall*, 632 F.3d 331, 336 (6th Cir. 2011). It was therefore permissible for the district court to consider whether Phelps might serve "too little time in prison" for his state offenses. *United States v. Hall*, 825

F.3d 373, 375–76 & n.3 (8th Cir. 2016) (per curiam). Since Phelps does not explain how, if at all, the district court misjudged the likely outcome of his appeal, we see no reversible error in its consideration of that outcome.

Finally, we are unpersuaded by Phelps's argument that the district court should have given more weight to a purported disparity between his sentence and other defendants' sentences. Phelps asserts that the average and median sentences for other violators of federal sex offender registration requirements with the same criminal history score as his are shorter than his sentence. Despite Phelps's doubts that the district court considered this difference, we presume it did so because Phelps raised the issue in his sentencing memorandum. *See United States v. Farah*, 899 F.3d 608, 616 (8th Cir. 2018). The district court, however, reasonably discounted Phelps's statistics. The average and median sentences do not derive from a sample of defendants sharing all material elements of Phelps's background and thus say little about whether that background supports an above-average or above-median sentence. *See United States v. Boneshirt*, 662 F.3d 509, 518–19 (8th Cir. 2011); *United States v. Garcia*, 946 F.3d 1191, 1214–15 (10th Cir. 2020). They do not, for example, aggregate only the sentences for defendants who, like Phelps, sexually abused children repeatedly not long before and after incarceration and then left the country when prosecution was likely. The district court accordingly had good reason not to extrapolate too much from these statistics. We do not fault it for instead relying on Phelps's past and present conduct as a better indication of the sentence needed to protect the public, promote respect for the law, and otherwise achieve the goals of sentencing.

Affirmed.

_____